606 A.2d 974

**Harry G. BANZHOFF, III, Appellant,**

v.

**DAUPHIN COUNTY BOARD OF ASSESSMENT APPEALS, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 1991.

Decided April 1, 1992.

688

Harry G. Banzhoff, III, pro se.

Carl G. Wass, for appellee.

Before CRAIG, President Judge, PALLADINO, J., and BARRY, Senior Judge.

BARRY, Senior Judge.

Harry G. Banzhoff, III (Banzhoff) appeals from an order of the Court of Common Pleas of Dauphin County which affirmed a decision of the Dauphin County Board of Assessment Appeals (the Board) establishing a base year assessment of Banzhoff's property at One hundred thirteen thousand one hundred ($113,100.00) dollars. The relevant facts of this case have been described in this Court's previous opinion, *Banzhoff v. Dauphin County Board of Assessment Appeals*, 133 Pa.Commonwealth Ct. 165, 575 A.2d 164 (1990), (hereinafter referred to as *Banzhoff I*); that description is adopted by reference here.

■ This case was remanded to the Dauphin County Court of Common Pleas in *Banzhoff I*. That remand was for the limited purpose of admitting evidence to substantiate Banzhoff's claim that the market value of his property had been improperly inflated, resulting in an excessive assessment of the property.[1] *Banzhoff I*, 133 Pa.Common-

---

1. Banzhoff bases this claim on §§ 8(d.3) and 9(a.2) of the Third Class County Assessment Law, which allows a taxpayer to appeal any base

wealth Ct. at 172, 575 A.2d at 167.[2]  In denying Banzhoff relief following the remand, the trial court noted: "[a]ppellant ignored the fact that seldom are two properties identical.... Appellant failed to offer any testimony whatsoever with regard to the market value of the allegedly comparable properties with whose assessments he sought to compare the assessment of his two properties." (Trial Court Opinion, 6/19/91, p. 3.)

*Banzhoff I* was clear that the claim of an improperly inflated market value[3] can be substantiated by evidence of the fair market value determinations of comparable properties. "[I]f two properties located next to or near each other have comparable worth but appreciably different assessments, the explanation is simply that the fair market value determination for one of the properties is more realistic or 'fair' than such a determination for the other property." *Banzhoff I*, 133 Pa.Commonwealth Ct. at 172, 575 A.2d at 168 (quoting, *Stevenson Tax Assessment Case*, 52 Pa.Commonwealth Ct. 506, 513–14, 416 A.2d 600, 603 (1980) (Mencer, J., dissenting)).

year valuation without reference to ratio.  Act of June 26, 1931, P.L. 1379, §§ 8, 9, *as amended*, 72 P.S. §§ 5349(d.3), 5350(a.2).

2. In his brief, Banzhoff argues that the county-wide reassessment of properties made in 1985 and based upon a statistical update did not achieve a true estimate of the actual market value of the properties reassessed and that the court should use the assessments of property in effect on March 14, 1985 and October 23, 1986 when examining the uniformity of assessments.  As noted in this opinion, the remand ordered in *Banzhoff I* was for a limited purpose; as these issues are not within the scope of the remand order, they were not before the Court of Common Pleas and are not properly before this Court in this appeal.

3. A claim that an assessment is based upon an improperly inflated fair market value should be distinguished from a claim that an assessment violates the principle of uniformity.  A uniformity challenge admits that the fair market value assigned to the property is correct; in essence, it is an allegation that other comparable properties are assigned a fair market value substantially lower than their actual fair market value so that when the ratio is applied to this lower value, owners of comparable property pay less than the complaining taxpayer.

■ There are two methods of proving that a property assessment is based upon an inflated fair market value. Obviously the owner can introduce evidence that the fair market value of the property in question is less than that assigned by the taxing authority. The property owner can also corroborate this claim by introducing the substantially lower fair market values assigned by the taxing authority to similar properties having approximately the same actual fair market value as the property in question. The fact finder could then conclude those similar properties are correctly assessed and that the assessment of the property in question is based upon an inflated fair market value.

At the first hearing, the Board introduced the testimony of William J. Collins, Jr., the Director of Tax Assessment of Dauphin county and a certified licensed real estate broker. Mr. Collins testified that the fair market value of 269–271 Herr Street, the property at issue, had been determined by the taxing authority to be One hundred forty-two thousand five hundred ($142,500.00) dollars. Banzhoff introduced the testimony of John H. Kreiger, a licensed real estate broker. Mr. Kreiger testified that it was his professional opinion that the fair market value of the property was Sixty-five thousand ($65,000.00) dollars. Banzhoff attempted to introduce evidence regarding the assessments of comparable properties; the trial court refused to admit this evidence. This refusal to admit evidence which could corroborate Kreiger's opinion that the property in question was assessed based upon an improperly inflated fair market value determination by the taxing authority led to the remand ordered in *Banzhoff I.*

■ At the hearing following the remand, Banzhoff introduced evidence regarding the assessed value of various other properties in the vicinity of 269–271 Herr Street. Some of those properties are assessed based upon a fair market value substantially lower than the value the taxing authority has assigned to the property in question. As noted above, the trial court determined that this evidence

was not sufficient to demonstrate that Banzhoff's property had an improperly inflated market value. We agree.

The trial court's opinion indicates that it did not consider that the assessments Banzhoff presented represented assessments of comparable property. While this conclusion is questionable, especially in light of the fact that the taxing authority itself admitted that some of those properties were comparable to 269–271 Herr Street, the trial court's decision can be affirmed on a more fundamental basis. Noticeably absent from the evidence Banzhoff presented at the latest hearing was any evidence that the fair market value used to assess the allegedly comparable properties was the true fair market value of those properties. Banzhoff also failed to offer any evidence to show that the fair market value used to assess the allegedly comparable properties was in line with the figure he contends is the true fair market value of the property in question. Without this evidence, the assessment data Banzhoff offered does not corroborate Kreiger's earlier testimony that 269–271 Herr Street was assessed based upon an improperly inflated fair market value. Such "raw" assessments are not probative; however, when offered with evidence of the market values of the properties assessed, the evidence becomes relevant and admissible. *Stevenson*, 52 Pa.Commonwealth Ct. at 512, 416 A.2d at 602–03.[4] Absent any corroborating evidence, the determination of whether or not the property in question was assessed based upon an improperly inflated fair market value turns upon whose testimony of the actual value of 269–271 Herr Street, Collins' or Kreiger's, is believed. The trial court's original opinion in this case is clear that it

**4.** We recognize that the *Stevenson* majority treated these type of cases as attacks on uniformity rather than a claim of inflated market value. The evidentiary principle announced, however, is applicable here. It is the relationship of the fair market value assigned to similar properties to the fair market value of the property in question which is relevant. Raw assessments on similar properties, without evidence that those properties are approximately the same actual fair market value of the property whose assessment is challenged, are not corroborative of the expert's opinion as to the fair market value of the property in question.

credited the testimony of Collins over that of Kreiger. This is the trial court's role as finder of fact and we will not disturb its credibility determination absent an abuse of discretion. *McKnight Shopping Center, Inc. v. Board of Property Assessment*, 417 Pa. 234, 209 A.2d 389 (1965). We find no such abuse here.

Affirmed.

## ORDER

NOW, April 1, 1992, the order of the Court of Common Pleas of Dauphin County, dated June 19, 1991, at No. 3595 S 1988, is affirmed.