MILLCREEK TOWNSHIP SCHOOL DISTRICT, Appellant,

v.

ERIE COUNTY BOARD OF ASSESSMENT APPEALS

v.

David B. Oas.

Commonwealth Court of Pennsylvania.

Argued June 16, 1999.

Decided Aug. 25, 1999.

Michael J. Visnosky, Erie, for appellant.

Dan W. Susi, Erie, for appellee, Erie County.

Lisa L. Smith, Erie, for appellee, David Oas.

Before COLINS, President Judge, and DOYLE, J., McGINLEY, J., PELLEGRINI, J., KELLEY, J., FLAHERTY, J., and LEADBETTER, J.

FLAHERTY, Judge.

Millcreek Township School District (District) appeals from an order of the Court of Common Pleas of Erie County (trial court) which granted the motion to dismiss its appeal filed by the Erie County Board of Assessment Appeals (Board) and Davis B. Oas (Oas), collectively Appellees. We reverse and remand to the trial court for further proceedings.

In 1972, the Erie County Assessment Office entered an assessment on property owned by Oas. In 1997, the Assessment office determined that there should be "no change" to the assessment of Oas' property. At all times, Oas' property has remained an unimproved vacant parcel. The District appealed to the Board which agreed that there would be no change in the assessment. Thereafter, the District appealed to the trial court. Board and Oas filed a motion to dismiss. The trial court granted the motion to dismiss stating that to allow the District to appeal the assessment would, inter alia, violate the uniformity clause to the Pennsylvania Constitution. This appeal followed.[1]

The first issue presented is whether the District is permitted by statute to appeal an assessment of property.

---

1. Our review in a tax assessment appeal is limited to determination of whether the trial court abused its discretion, committed an error of law, or whether its decision is supported by substantial evidence. *Cedarbrook* *Realty, Inc. v. Cheltenham Township*, 148 Pa. Cmwlth. 310, 611 A.2d 335 (1992), *petition for allowance of appeal denied*, 533 Pa. 637, 621 A.2d 582 (1992).

■ The District maintains that it is permitted to appeal assessments pursuant to Section 520 of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–520 and Section 18 of the Second Class A and Third Class County Assessment Law (Law), Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. § 5350i. Section 520 of The General County Assessment Law, provides in part:

> any county, city, borough, town, township, school district or poor district, which may feel aggrieved by any assessment of any property ... shall have the right to appeal therefrom in the same manner, subject to the same procedure, and with like effect as if such appeal were taken by a taxable with respect to his property.

Section 18 of the Second Class A and Third Class County Assessment Law provides:

> The corporate authorities of any borough, town, township, school, institution and poor district, and county, who may feel aggrieved by any assessment of property or subjects of taxation for its corporate purposes, shall have the right to appeal therefrom in entirety or by individual assessments in the same manner, subject to the same procedure, and with like effect as if such appeal were taken by a taxable with respect to his assessment, and in addition may take an appeal from any decision of the board or court of common pleas as though it had been a party to the proceedings before such board or court even though it was not such a party in fact ....

The District maintains that the statutory language, by its very terms, permits school districts to appeal assessments. We agree with the District that the plain words of a statute cannot be disregarded where the language is free and clear from doubt, *Commonwealth v. Hagan*, 539 Pa. 609, 615, 654 A.2d 541, 544 (1995), and that in accordance with the above language, the District has the right to appeal a property owner's assessment. "The Act itself provides that Appellants [School District and Township] are entitled to the same appeal rights, and are subject to the same procedures, as a citizen taxpayer who feels that his assessment was incorrect." *Richland School District v. County of Cambria Board of Assessment Appeals*, 724 A.2d 988, 989 (Pa.Cmwlth.1999). In *Richland*, we held that the language of Section 706 of the Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. § 5453.706, which is similar to the language of 72 P.S. § 5350i affords townships and school districts the same appeal and procedural due process rights as are given to individual taxpayers.[2] In accordance with the plain language of the statutes, the District has the right to appeal the assessment of any property.

■ Appellees argue and the trial court found however that an appeal by the District would violate Section 7.1 of the Law[3], 72 P.S. § 5348.1, which states that "[t]he *board* shall not engage in the practice of spot reassessment." (Emphasis added.) By its very words, 72 P.S. § 5348.1 applies to the Board of Assessment Appeals and not to school districts because the "board" referred to is clearly not the school board. Section 1.1 of the Law[4], 72 P.S. § 5342.1

2. Section 706 provides:
   The corporate authorities of any county, borough, town, *township or school district*, which may feel aggrieved by any assessment of any property or other subject of taxation for its corporate purposes, shall have the right to appeal therefrom, in the same manner, subject to the same procedure and with like effect as if such appeal were taken by a taxable with respect to his assessment, and in addition may take an

appeal from any decision of the board or court of common pleas as though it had been a party to the proceedings before such board or court, even though it was not such a party in fact.

3. Added by the Act of July 19, 1991, P.L. 91.

4. Added by the Act of December 13, 1982, P.L. 1165.

defines certain terms used thereafter for third class counties and contains the following definition: "Board. The board of assessment appeals in counties of the ... third class." Also, there is no authority for the word "board" to be used to represent the legal entity designated specifically in the Public School Code of 1929 (School Code)[5] as a "school district." Only the school district, not the board of school directors, is empowered to take or defend legal action. Section 213 of the School Code. The "board of school directors" is consistently used in the School Code to identify internal action within the school district. Thereafter, once a "majority," as defined separately for various actions, votes in favor of some legislation, the school district is the only legal entity which can take official action. It would, therefore, be inconsistent for the Legislature to be presumed to contradict the clear definitions of responsibilities set forth in the School Code by prohibiting in the Assessment Laws the board of school directors from making spot assessments rather than prohibiting the school district, particularly when the Legislature is aware that it has never given any school entity the power to assess, reassess or spot assess any property. The Legislature carefully separated the words "board" and "school district" in the School Code not only in Section 102 where each is given a different definition but also throughout the School Code where it is plain that the school district is the only legal school entity in existence, e.g., after separately referring to the "school district" adopting a seal "after" a majority vote of the board of school directors in Section 212, Section 213 explicitly states that: "Each school *district* shall have the right to sue and be sued...." (Emphasis added.) Thus, 72 P.S. § 5348.1 is inapplicable to the District.

Appellees concede that the District has the right to appeal a property assessment but argue that before an appeal is proper, a triggering event must occur. (Oas brief at p. 5, Board brief at p. 15) Namely, Appellees point to Section 6.1 of the Law[6], 72 P.S. § 5347.1 which provides that the "assessors may change the assessed valuation on real property when a parcel of land is divided and conveyed away in smaller parcels or when improvements are made to real property or existing improvements are removed from real property." Thus, Appellees argue that an appeal by the District is permissible only when there has been an improvement to the land, a subdivision, a county wide reassessment or some other triggering event. Appellees contend that in this case, because there has been no triggering event, the District may not appeal Oas' assessment.

Initially, we note that Section 6.1 of the Law,[7] 72 P.S. § 5347.1 states that "assessors" may change the assessment on a property when a triggering event occurs. The District is not an assessor and as such 72 P.S. § 5347.1 is inapplicable. Moreover, Section 8 of the Law, 72 P.S. 5349(c), provides that "[a]ny person aggrieved by any assessment, *whether or not the value shall have been changed since the preceding annual assessment, or any taxing district having an interest therein, may appeal to the board for relief.*" (Emphasis added.) As such, neither a taxpayer nor a taxing district is prohibited from appealing an assessment even though no triggering event has occurred.

Next, we will address the trial court's determination that permitting the District to selectively appeal assessments under 72 P.S. § 5350i, would result in non-uniformity of taxation in violation of the Pennsylvania Constitution, Art. VIII, § 1 which provides that "All taxes are to be uniform, upon the same class of subjects,

---

5. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702.

6. Added by the Act of July 19, 1991, P.L. 91.

7. Added by the Act of July 19, 1991, P.L. 91.

within the territorial limits of the authority levying the taxes." A taxpayer alleging that a tax violates the uniformity clause must show that there is a deliberate discrimination in the application of the tax or that the application of the tax has a discriminatory effect. *City of Lancaster v. County of Lancaster,* 143 Pa.Cmwlth. 476, 599 A.2d 289 (1991), *petition for allowance of appeal denied,* 530 Pa. 634, 606 A.2d 903 (1992). Here, the trial court determined that permitting the District to appeal assessments absent a triggering event would result in a lack of uniformity in the taxing of properties. However, such reasoning also applies when property owners appeal their assessments. Thus, it matters not whether the District or the property owner appeals the assessment. Neither action should cause the Board of Assessment, or the courts, to create and maintain a non-uniform assessment of property. Exercise of appeal rights by both the District and the property owner, will ensure that the uniformity required by our state constitution is maintained. Moreover, merely because the District has appealed a property owner's assessment it does not follow that a change in assessment will follow. The trial court's reasoning and Appellees' argument presupposes that a change in assessment has already occurred based on the District's appeal and argues that this reassessment is violative of the uniformity clause. However, the District has merely filed an appeal, as it is permitted to do in accordance with the Law. At this stage, no reassessment has occurred. As such, we disagree with Appellees' assertion that the mere filing of an appeal by the District challenging a property owner's assessment violates the uniformity clause. Absent a change in assessment, Appellees' constitutional arguments are premature at this point.

Because the District has the authority to appeal property assessments, the order of the trial court dismissing the District's appeal is reversed. This case is remanded to the trial court for further proceedings.

## ORDER

NOW, August 25, 1999, the order of the Court of Common Pleas of Erie County at No. 14077–1977, dated October 1, 1998, is reversed and the case remanded.

Jurisdiction relinquished.