Re: Appeal of SPRINGFIELD SCHOOL DISTRICT and Springfield Township from the decision of the Board of Assessment Appeals of Delaware County in connection with premises situated at 674 Baltimore Pike, Springfield Township, County of Delaware, Pennsylvania, owned by Ferraro Olds Cadillac, Inc. relating to the final real estate assessment assessed as of January 2002 for Folio No. 42–00–00477–00.

Re: Appeal of Springfield School District and Springfield Township from the Decision of the Board of Assessment Appeals of Delaware County relating to the premises situated at 134 Baltimore Pike, Springfield Township, County of Delaware, Pennsylvania owned by Neil McGarry relating to the final real estate assessment assessed as of January 2002 for Folio No. 42–00–00435–00

Appeal of: Springfield School District and Springfield Township.

Commonwealth Court of Pennsylvania.

Argued June 9, 2005.
Decided July 11, 2005.

Mark A. Sereni and Gregory Gerson, Media, for appellants.

Joseph Patrick O'Brien, Media, for appellees, Ferraro Olds Cadillac, Inc. and Neil McGarry.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

In these consolidated appeals from real estate assessments, the Court of Common Pleas of Delaware County (trial court) declined the request of the Springfield School District and Springfield Township (collectively, Springfield)[1] to increase the assessed values of two commercial properties. A car dealership is located on one property, and a furniture store is located on the other.[2] As to the car dealership property, Springfield challenges the trial court's conclusion that expert witness tes-

---

1. Springfield School District and Springfield Township are joined by Pennsylvania School Boards Association as *amicus curiae*.

2. The car dealership property is owned by Ferraro–Olds Cadillac, Inc., and is located at 674 Baltimore Pike, Springfield Township, Delaware County. The furniture store property is titled in the name of Neil McGarry and Edith McGarry Cunnane, and is located at 134 Baltimore Pike, Springfield Township, Delaware County. Drexel Hill Furniture is the corporate tenant of the property.

timony was of insufficient weight to sustain the burden of overcoming the *prima facie* validity of the assessment. As to the furniture store property, Springfield challenges the trial court's conclusion that the method by which it determined which assessments to appeal was discriminatory and resulted in non-uniform taxation, contrary to the Uniformity Clause of the Pennsylvania Constitution and the so-called equalization requirements of the Second Class A and Third Class County Assessment Law (Law).[3]

A county-wide property reassessment occurred in Delaware County which became effective in 2000. The car dealership property was assessed with a fair market value of $2,787,500. The furniture store property was assessed with a fair market value of $941,370.[4]

For the tax year 2002 and beyond, Springfield filed tax assessment appeals which included the subject properties. The Delaware County Board of Assessment Appeals (Board) denied the appeals, and Springfield appealed to the trial court.

At an extensive consolidated hearing, Springfield presented the expert testimony of Charles J. Falcone concerning the fair market value of each property. The owner of the car dealership presented no rebuttal expert testimony, although it presented assessment files for other properties. The landowners of the furniture store presented expert testimony, but the expert agreed that the fair market value of the furniture store property was in excess of the fair market value assigned by the County. However, both landowners challenged the way in which Springfield selected properties for tax assessment ap-

peals, contending the process resulted in a lack of uniformity which violated the Uniformity Clause of the Pennsylvania Constitution.

An official with the Springfield School District testified about his process of reviewing properties for possible assessment appeal. By way of summary, he collected a sampling of both residential and commercial properties and compared the pre-county-wide assessment values and tax levels with the post-county-wide assessment values and tax levels. He concluded that residential assessments were reasonably accurate because there were not significant differences between the assessments before and after the county-wide reassessment.

His comparison showed some discrepancies in commercial properties, which he analyzed further. He identified commercial properties that had the largest percentage value decrease after reassessment and the largest decrease in amount of taxes after reassessment. Properties identified in this evaluation were referred to the solicitor and an appraiser for further evaluation. As a result of the evaluation process, almost all tax assessment appeals filed involved commercial properties.

Regarding the car dealership property, the trial court concluded that the testimony of Springfield's expert witness was of insufficient weight to sustain an appellant's burden of overcoming the *prima facie* validity of the assessment of the Board of Assessments. The trial court specifically found the expert testimony lacked credibility. Reproduced Record (R.R.) at 1148a.

---

**3.** Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. §§ 5342–5350k (Law). Reference here is made to Section 7 of the Law, 72 P.S. § 5348(d).

**4.** Although the trial court made no findings on the relevant ratios, apparently the County's predetermined ratio is 100% and varies less than 15% from the common level ratio of 108%. Reproduced Record (R.R.) at 1126a.

As to the furniture store property, the trial court noted "based upon the evidence presented by either expert, the value of the subject property was higher than that of its current assessment, thereby requiring a change in the assessment." R.R. at 1148a–49a. The trial court went on to consider the constitutional issue for this property.

Citing several cases dealing not with allegedly defective appeals but rather with allegedly defective assessments,[5] the trial court reasoned that a taxpayer asserting a violation of the Uniformity Clause may show that it has a discriminatory effect. Also, where a taxing authority applies a different percentage to the value of a property, or determines the base value of the property in a non-uniform manner, the result can be characterized as being discriminatory. R.R. at 1149a–50a. The trial court concluded that the methodology used to select appeals "was arbitrary and capricious and ... had a discriminatory effect in that it focuses it[s] program of seeking tax assessment appeals almost entirely upon commercial properties." R.R. at 1151a. Therefore, the trial court concluded the policy violated the Uniformity Clause. The trial court ended its analysis at this point. Therefore, it did not find the fair market value or apply the appropriate ratio to the furniture store property.

In sum, the trial court denied both of the consolidated appeals. Timely appeal was taken to this Court by Springfield.[6]

## I. Car Dealership Property

■ Springfield maintains the trial court erred by rejecting its unrebutted expert testimony. Springfield cites cases holding that "raw" assessments of other properties do not prove the fair market value of the assessed property in a tax assessment appeal.[7] Also, Springfield relies on cases that provide that relevant, credible and unrebutted testimony must be given due weight and cannot be ignored by the trial court.[8]

■ The fact-finding role of the trial court in tax assessment appeals was explored at length by our Supreme Court in *Green v. Schuylkill County Bd. of Assessment Appeals,* 565 Pa. 185, 772 A.2d 419 (2001). As relevant here, the Court derived the parameters governing a trial court's determination of fair market value in a single-expert case. First, the trial court must base its findings on the evidence of record. Concomitantly, if the trial court is to depart from the only expert valuation in the record, the expert must have explained the bases of valuation opinion in detail sufficient for the trial court to evaluate the reasonableness of those bases. The weight to be given fac-

---

5. *Beattie v. Allegheny County,* 847 A.2d 185 (Pa.Cmwlth.2004), *petition for appeal granted,* —— Pa. ——, 871 A.2d 193 (2005); *Wilkinsburg Sch. Dist. v. Board of Prop. Assessment,* 797 A.2d 1034 (Pa.Cmwlth.2002), *petition for appeal denied,* 573 Pa. 681, 822 A.2d 706 (2003); *City of Lancaster v. County of Lancaster,* 143 Pa.Cmwlth. 476, 599 A.2d 289 (1991).

6. Our review of tax assessment matters is limited to determining whether the trial court abused its discretion, committed an error of law, or reached a decision not supported by substantial evidence. *Vees v. Carbon County*

*Bd. of Assessment Appeals,* 867 A.2d 742 (Pa. Cmwlth.2005).

7. *Monroe County Bd. of Assessment Appeals v. Karlin,* 158 Pa.Cmwlth. 366, 631 A.2d 1062 (1993); *Banzhoff v. Dauphin County Bd. of Assessment Appeals,* 146 Pa.Cmwlth. 687, 606 A.2d 974 (1992).

8. *Deitch Co. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny County,* 417 Pa. 213, 209 A.2d 397 (1965); *McKnight Shopping Ctr., Inc. v. Bd. of Prop. Assessment, Appeals & Review of the County of Allegheny,* 417 Pa. 234, 209 A.2d 389 (1965).

tors such as comparable sales is for the trial court to determine. *Id.* at 206–07, 772 A.2d at 432–33. Second, the trial court must state the basis and reasons for its decision. Where only one expert testified, the trial court's reasoning must be stated on the record so that the reviewing court may determine if the trial court's departure from the expert's valuation is warranted. *Id.* at 208, 772 A.2d at 433.

Here, the trial court received detailed, in-person testimony from Springfield's expert. The trial court found the testimony not credible and gave three reasons for rejecting it: a prior inconsistent opinion; use of properties which were not sufficiently comparable; and, an incorrect assumption about zoning. The trial court also noted the significant variance between the expert's opinion and the assessed values of numerous surrounding properties. This statement of reasons is well within the parameters set by our Supreme Court in *Green.*

In sum, Springfield's arguments lack merit. The trial court did not ignore the expert's testimony; rather, it rejected the opinion as lacking credibility. Moreover, the trial court's reference to assessments of surrounding properties was made for credibility purposes, not as substantive evidence of the fair market value of the car dealership property. We decline Springfield's invitation to reweigh the trial court's credibility determinations, and we affirm the trial court's order as it relates to this property.

## II. Furniture Store Property

■ Relying heavily on this Court's recent decision in *Vees v. Carbon County Bd. of Assessment Appeals,* 867 A.2d 742 (Pa. Cmwlth.2005), Springfield and *amicus curiae* challenge the trial court's legal conclusion that the exercise of the right to appeal is discrimination. In addition, they challenge the sufficiency of the factual findings supporting the conclusion of deliberate, purposeful discrimination.

Although they do not challenge the constitutionality of any provision of the Law, the landowners argue that the discriminatory manner in which Springfield reached its decisions to appeal constituted *de facto* spot assessments in violation of the Uniformity Clause of the Pennsylvania Constitution and the so-called equalization provisions of the Law.[9] Regarding the applicability of *Vees,* the Landowners argue that *Vees* was strictly limited to its facts. They also contend *Vees* is inapplicable because, unlike the current controversy, there was no finding of purposeful discrimination in that case.[10]

---

9. Section 7 of the Law, 72 P.S. § 5348(d) provides:

> In arriving at actual value, the price at which any property may actually have been sold, either in the base year or in the current taxable year, shall be considered but shall not be controlling. Instead such selling price, estimate or actual, shall be subject to revision by increase or decrease to accomplish equalization with other similar property within the taxing district. In arriving at the actual value, all three methods, namely, cost (reproduction or replacement, as applicable, less depreciation and all forms of obsolescence), comparable sales and income approaches, must be considered in conjunction with one another.

10. In addition, landowners raise a "base year argument" which generally contends that the underlying appeals were defective. This argument asserts that Springfield neither pled nor proved the applicable ratio. Landowners further rely on a case interpreting a different taxing statute for the proposition that the appeals were therefore limited to challenges of base year values only. *Monroe County Bd. of Assessment Appeals v. Miller,* 131 Pa.Cmwlth. 538, 570 A.2d 1386 (1990) (interpreting Fourth to Eighth Class County Assessment Law). Finally, they contend Springfield failed to produce evidence relating to base year values.

■ Article VIII, Section I of the Constitution of the Commonwealth of Pennsylvania provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." In matters of taxation, both the federal equal protection doctrine and the Pennsylvania Uniformity Clause are relevant, and allegations of violations of the equal protection clause and of the Pennsylvania Constitution Uniformity Clause are to be analyzed in the same manner. *Leonard v. Thornburgh,* 507 Pa. 317, 489 A.2d 1349 (1985); *Appeal of Armco, Inc.,* 100 Pa.Cmwlth. 452, 515 A.2d 326 (1986).

Shortly after the trial court's comprehensive decision here, this Court decided *Vees.* Because many of the same issues were addressed in *Vees,* further discussion of that opinion is warranted.

In *Vees,* a school district appealed the assessment of a property. The property was selected for appeal because it had been sold for an amount significantly in excess of the fair market value set during a recent county-wide reassessment. When the school district was successful in its appeal to the board of assessment appeals, the property owners appealed to the trial court. As here, the property owners did not challenge the constitutionality of any statutory provision, but they contended the manner in which the school district selected their property for appeal resulted in an improper spot assessment offensive to the Uniformity Clause and equal protection guarantee.

In our discussion we drew a critical distinction between those situations dealing with allegedly defective assessments by an entity clothed with the power to assess, and those situations dealing with allegedly defective appeals. As to the latter, we examined statutory provisions allowing school districts the same appeal rights as property owners and cases applying the statutory provisions. We held that application of the statutory provisions for tax appeals available uniformly to all interested parties did not offend the Uniformity Clause, particularly in the absence of a constitutional challenge to the underlying statute. Specifically, we concluded:

As a matter of law, the School District's use of the statutory appeal mechanism available uniformly to all interested parties does not amount to deliberate, purposeful discrimination. This is especially true here, because Taxpayers do not challenge the constitutionality of [the statutory provision allowing school districts the same appeal rights as property owners]. Moreover, pursuant to *Millcreek* [*Township Sch. Dist. v. Erie County Bd. of Assessment Appeals,* 737 A.2d 335 (Pa. Cmwlth.1999)] the filing of a tax assessment appeal by a school district does not amount to an improper spot assessment.

*Vees,* 867 A.2d at 749.

■ In this case, the Law contains a provision identical to the statutory provision discussed in *Vees.* Thus, Section 18 of the Law, 72 P.S. § 5350i, provides (with emphasis added):

*The corporate authorities of any* borough, town, township, *school,* institution and poor district, and county, who may feel aggrieved by any assessment of property or subjects of taxation for its corporate purposes, *shall have the right to appeal therefrom* in entirety or by individual assessments *in the same manner, subject to the same procedure, and with like effect as if such appeal were taken by a taxable with respect to his assessment,* and in addition may take an appeal from any decision of the board or court of common pleas as

though it had been a party to the proceedings before such board or court even though it was not such a party in fact. Such authorities may intervene in any appeal by a taxable under section 9 on this act as a matter of right.

As in *Vees*, this provision specifically grants to school districts the same right of appeal as property owners. The provision contains no limits on the process by which school districts decide to appeal. As in *Vees*, an appeal pursuant to this unchallenged provision is not deliberate, purposeful discrimination as a matter of law.

The trial court's finding of deliberate, purposeful discrimination based on the "methodology" of selecting cases for appeal does not compel a different result, for three reasons. First, as in *Vees*, the process here was not initiated by an entity enjoying the power to prepare or revise assessment rolls, value property, change the value of property, or establish the predetermined ratio. Instead, the process was initiated by a school district, which does not enjoy any of those powers essential to assessment. For this reason, the trial court's reliance on cases dealing with methodology in the assessment process was error.

Second, also as in *Vees*, the process was initiated by an entity granted specific statutory authority to appeal tax assessments in the same manner as an individual property owner. The Law places no restrictions on the "methodology" employed by a school district or by an individual property owner in determining whether to appeal. The trial court's failure to apply the unchallenged statute was error.

Third, as in *Vees*, all the trial evidence establishes that the property's fair market value exceeds that currently acknowledged by the County. It is not discrimination to appeal an incorrect assessment.

Despite notable effort, the trial court labored at a disadvantage without our decision in *Vees*. Now that this controlling authority is available, however, it should be applied. Therefore, we reverse the trial court's decision that Springfield's appeal of the assessment of the furniture store property was unconstitutional. We remand for a determination of fair market value and for the application of the appropriate ratio.[11]

*ORDER*

AND NOW, this 11th day of July, 2005, the order of the Court of Common Pleas of Delaware County dated December 6, 2004 is **AFFIRMED** in part and **REVERSED** in part. The Order is affirmed as to the property located at 674 Baltimore Pike, Springfield Township. The Order is reversed as to the property located at 134 Baltimore Pike, Springfield Township. As to the latter property, the matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

11. Because of our disposition of this issue, we need not discuss the "base year argument."