772 A.2d 435

Crystal JONES, Appellant,

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellee.

Supreme Court of Pennsylvania.

Argued Jan. 30, 2001.

Decided May 22, 2001.

Flaherty, C.J., concurred and filed opinion in which Zappala, J., joined.

David J. Alexander, for Crystal Jones.

Timothy D. McNair, Erie, for Pennsylvania Trial Lawyers Association.

Joan A. Zubras, for Southeastern Pennsylvania Transportation Authority.

John G. Knorr, Pittsburgh, for Com.

Arlene O. Freiman, Philadelphia Housing Authority.

Terrance R. Henne, Colin Meneely, Pittsburgh, for Port Authority Allegheny County.

Michael I. Levin, Huntingdon Valley, for Pa. School Boards Association.

Steven E. Hoffman, Allentown, for Lehigh County Housing Authority.

Alfred W. Putnam, Philadelphia, for Pennsylvania Public Transportation Association.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and SAYLOR, JJ.

### OPINION

CAPPY, Justice.

In this case, the appellee, Southeastern Pennsylvania Transportation Authority ("SEPTA"), moved for summary judgment under the Sovereign Immunity Act, 42 Pa.C.S. §§ 8521–8528 (the "Sovereign Immunity Act" or "Act"), asserting that it

may not be held liable to the appellant, Crystal Jones ("Jones"), for the injuries she allegedly sustained when she slipped on rock salt on a SEPTA train platform and fell. Jones responded that the Act's real estate exception, 42 Pa.C.S. § 8522(b)(4), which serves to waive immunity, applies to her claim. We granted allocatur to clarify the parameters of § 8522(b)(4). We conclude that Jones' claim does not fall within the exception. Accordingly, we affirm the Commonwealth Court's order, affirming the trial court's entry of summary judgment in favor of SEPTA.

On December 23, 1996, Jones was injured when she slipped and fell on a train platform at SEPTA's Fern Rock station in Philadelphia, Pennsylvania. On May 27, 1997, Jones commenced an action in negligence against SEPTA. Jones alleged that the sole cause of her slip and fall was the rock salt that lay on the train platform, and that SEPTA was negligent in not warning the public of the salt and in failing to clear it. In its Answer and New Matter, SEPTA denied Jones' allegations of negligence, and as a Commonwealth party, raised sovereign immunity as an affirmative defense.

Ultimately, SEPTA filed a motion for summary judgment. SEPTA contended that as a matter of general rule, the Sovereign Immunity Act shields it from suit, and that Jones had no evidence to support her assertion that her claim was allowed by the Act's real estate exception found at 42 Pa.C.S. § 8522(b)(4). SEPTA argued that § 8522(b)(4) requires proof that Jones' injuries resulted from a dangerous condition "of" the train platform itself, as opposed to the presence of a substance or an object "on" it, and that since Jones neither averred nor could show such a condition, the real estate exception did not apply. The trial court agreed, and granted SEPTA summary judgment.

Jones filed a timely appeal in the Commonwealth Court. A divided panel of the Commonwealth Court affirmed in a published opinion, also finding merit in SEPTA's interpretation of the Sovereign Immunity Act's real estate exception and its characterization of Jones' position. *Crystal Jones v. Southeastern Pennsylvania Transp. Auth.* 748 A.2d 1271 (Pa.

Cmwlth.2000). Based on our opinion in *Finn v. City of Philadelphia*, 541 Pa. 596, 664 A.2d 1342 (1995), in which we interpreted the sidewalk exception to governmental immunity in the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542(b)(7) (the "Tort Claims Act"), the majority determined that SEPTA's liability could only be premised on evidence that Jones' injuries resulted from a dangerous condition that was "of" SEPTA's platform. As Jones sought to show that the dangerous condition was merely "on" the platform, the majority held that under *Finn*, Jones' suit necessarily failed. *Jones*, 748 A.2d at 1274. Further, the majority rejected Jones' contention that this court's opinions in *Grieff v. Reisinger*, 548 Pa. 13, 693 A.2d 195 (1997) and *Kilgore v. City of Philadelphia*, 553 Pa. 22, 717 A.2d 514 (1998), in which we interpreted the real estate exception in the Tort Claims Act, 42 Pa.C.S. § 8542(b)(3), without referring to an "on" or "of" dichotomy, indicated that we had abdicated *Finn's* analysis. *Jones*, 748 A.2d at 1272–74. By contrast, the dissent believed that *Grieff* and *Kilgore* had overruled *Finn*, and that Jones' claim could proceed under *Kilgore's* teaching. *Id.* at 1274–75. This appeal followed.

■■■ Our discussion starts with the well-settled rules that govern our review. Summary judgment will be entered only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law. *Skipworth v. Lead Industries Ass'n, Inc.*, 547 Pa. 224, 690 A.2d 169, 171 (1997). Summary judgment is proper in cases in which "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to a cause of action or defense in which a jury trial would require the issues be submitted to a jury." Pa.R.Civ.P. 1035.2(2). We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre*, 532 Pa. 142, 615 A.2d 303, 304 (1992). Our scope of review of a trial court's order granting or denying summary judgment is plenary, *O'Donoghue v. Laurel Savings Ass'n*, 556

Pa. 349, 728 A.2d 914, 916 (1999), and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion. *Cochran v. GAF Corp.*, 542 Pa. 210, 666 A.2d 245, 248 (1995).

Given the opposing positions taken in this case with regard to the immunity statutes and our prior holdings, we begin with a review of those statutes and cases.

The Sovereign Immunity Act was passed by the General Assembly in response to this court's decision in *Mayle v. Pennsylvania Dept. of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), to abrogate the doctrine that the Commonwealth enjoys immunity from suit. In § 8521(a) of the Act, the legislature reinstated the doctrine as a general rule. 42 Pa.C.S. § 8521(a).[1] In § 8522, however, the legislature waived the bar of suit on a limited basis. 42 Pa.C.S. § 8522. Subsection 8522(a) announces that immunity is waived in certain instances and authorizes the imposition of liability against the Commonwealth "for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity." 42 Pa.C.S. § 8522(a). Subsection 8522(b) then delineates the specific instances in which the defense of sovereign immunity may not be raised. The real estate exception that is directly before us states:

§ 8522. Exceptions to sovereign immunity

\* \* \*

*(b) Acts which may impose liability.-The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign*

1. The Sovereign Immunity Act provides:
   § 8521. Sovereign immunity generally
   (a) General rule.—Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise.
   42 Pa.C.S. § 8521(a).

*immunity shall not be raised to claims for damages caused by:*

\* \* \*

*(4) Commonwealth real estate, highways and sidewalks.-A dangerous condition of Commonwealth agency real estate* and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

42 Pa.C.S. § 8522(b)(4) (emphasis added).

The Tort Claims Act was also a legislative response to one of our decisions. The General Assembly enacted the Tort Claims Act when this court abrogated the doctrine of governmental immunity in *Ayala v. Philadelphia Bd. of Pub. Educ.,* 453 Pa. 584, 305 A.2d 877 (1973). Like the Sovereign Immunity Act, the Tort Claims Act raises the bar of immunity, 42 Pa.C.S. § 8541, but not absolutely. Under § 8542, liability for damages on account of an injury to person or property will be imposed on a local agency if two conditions are met [2] and if the injury occurred as a result of one of eight delineated acts. 42 Pa.C.S. § 8542.

2. The two threshold conditions set forth in § 8542(a) are:
  § 8542. Exceptions to governmental immunity
  (a) Liability imposed.—A local agency shall be liable for damages on account of an injury to person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts in subsection (b):
  (1) The damages would be recoverable under common law or statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541...and
  (2) The injury was caused by negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which, constitutes a crime, actual fraud, actual malice or willful misconduct.
  42 Pa.C.S. § 8542(a)(1)-(2).

Two of the eight exceptions are relevant. The first is the sidewalk exception that we interpreted in *Finn.* It provides:

§ 8542. Exceptions to governmental immunity

\* \* \*

*(b)Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:*

\* \* \*

*(7) Sidewalks.—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency,* except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable.

42 Pa.C.S. § 8542(b)(7) (emphasis added).

The second is the real estate exception interpreted in *Grieff* and *Kilgore,* which states:

§ 8542. Exceptions to governmental immunity

\* \* \*

*(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:*

\* \* \*

*(3) Real property.—The care, custody and control of real property in the possession of the local agency,* except that

the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, 'real property' shall not include:

(i) trees, traffic signs, lights and other traffic controls, street lights and lighting systems;

(ii) facilities of stream, sewer, water, gas and electric systems owned by the local agency and within rights-of-way;

(iii) streets; or

(iv) sidewalks.

42 Pa.C.S. § 8542(b)(3) (emphasis added).

▇▇▇▇ Because the legislature's intent in both the Sovereign Immunity and Tort Claims Acts is to shield government from liability, except as provided for in the statutes themselves, we apply a rule of strict construction in interpreting these exceptions. *Finn*, 664 A.2d at 1344. Moreover, as the immunity statutes deal with the same subject matter, we read them consistently. *Id.*

Turning to our prior precedent, in *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989), we considered the meaning of the real estate exception in the Sovereign Immunity Act in the context of a Commonwealth roadway. The plaintiffs had stopped their car on the berm of a state highway. When they exited the vehicle, they scrambled up an embankment and fell into a mine pit. Relying on 42 Pa.C.S § 8522(b)(4), plaintiffs sued the Commonwealth's Department of Transportation ("PennDOT") for permitting a dangerous condition to exist within its right-of-way. More specifically, plaintiffs averred that PennDOT was negligent in failing to install lighting or physical barriers to warn the public of a deep chasm in close proximity to its highway.

We concluded that given the clear wording of the statute, the limited waiver of § 8542(b)(3) did not apply, stating: "[t]he unambiguous language of section 8522(b)(4) in relevant part provides 'A dangerous condition of Commonwealth agency real estate...'. These key words indicate that a dangerous condition must derive, originate from or have as its source the

Commonwealth realty." *Id.* at 311. In a footnote to this passage, we explained: "The critical word in the statutory language is the word 'of.' The meaning ascribed to this preposition is '(2) used to indicate derivation, origin or source.'" *Id.* at n. 5 (citation omitted).

We held, therefore, that "sovereign immunity is waived pursuant to 42 Pa. § 8522(b)(4), where it is alleged that the artificial condition or defect of the land itself causes an injury to occur." *Id.* at 312. As it was uncontroverted that the strip mine highwall, at the points where the plaintiffs fell, was some distance from the edge of PennDot's right-of-way and that the absence of lighting did not create either an artificial condition or defect of the land itself, we concluded that § 8522(b)(4) was inapplicable to plaintiffs' lawsuit. *Id.* at 312–13.

In *Finn*, we interpreted the sidewalk exception to governmental immunity in the Tort Claims Act. 42 Pa.C.S. § 8542(b)(7). The plaintiff sued the City of Philadelphia for the injuries she allegedly suffered when she slipped on an accumulation of grease on a city sidewalk. We held that § 8542(b)(7) did not pierce the city's immunity. Emphasizing the phrasing of the exception—"a dangerous condition of sidewalks"—and its reference to the "installation and repair of sidewalks", we determined that the exception imposes liability for "the physical condition of the sidewalks themselves", not for "objects and substances upon sidewalks" that "are not part of [their] physical condition." 664 A.2d at 1345. Relying on our interpretation in *Snyder* of the "dangerous condition of" language of the Sovereign Immunity Act's real estate exception, we held that application of the Tort Claims Act's sidewalk exception depended ultimately on the "legal determination that an injury was caused by a condition of government realty itself, deriving, originating from, or having the realty as its source, and, only then, the factual determination that the condition was dangerous." *Id.* at 1346. We stated:

> What is necessary, therefore, to pierce the Commonwealth agency's immunity is proof of a defect of the sidewalk itself. Such proof might include an improperly designed sidewalk, an improperly constructed sidewalk, or a badly maintained,

deteriorating, crumbling sidewalk. Here however, we have no such allegation or proof. We have a perfectly designed and constructed sidewalk, undamaged, upon which an unidentified individual or individuals deposited a foreign substance which caused appellant's injury. In the terms of *Snyder, supra* at 522 Pa. 424, 562 A.2d 307, the dangerous condition did not derive, originate from or have as its source the sidewalk. In the language of the statutory exception to governmental immunity, the dangerous condition was on the sidewalk, not of the sidewalk, and thus is insufficient to create liability in the city.

*Id.*

After *Finn* was decided, the lower courts and litigants fashioned an analysis apparently from the last sentence in this passage, commonly referred to as the "on/of distinction", to identify claims that may proceed against the Commonwealth and a local agency under the Sovereign Immunity Act's real estate exception, 42 Pa.C.S. § 8522(b)(4), and the Tort Claim Act's sidewalk exception, 42 Pa.C.S. § 8542(b)(7), respectively. As reflected in the Commonwealth Court's opinion, under this analysis, immunity is waived only if a plaintiff alleges that her injuries were caused by a dangerous condition "of" the location at issue; allegations that a substance or object was "on" the location are insufficient. *Jones,* 748 A.2d at 1273.

Lastly, in *Grieff* and *Kilgore,* this court addressed the real estate exception to governmental immunity in the Tort Claims Act. 42 Pa.C.S. § 8542(3). In the former case, the plaintiff was injured when paint thinner on the floor of a Fire Association's station ignited; in the latter, the plaintiff was injured when an employee of the Philadelphia International Airport lost control of a motorized tug due to an accumulation of ice and snow on a roadway.

In both cases, without referring to the "on/of distinction", we held that allegations that a governmental agency was negligent in the care of its real property were encompassed by the Tort Claims Act's real estate exception. *Grieff,* 693 A.2d at 197; *Kilgore,* 717 A.2d at 517. Our decision was premised

on the "care, custody and control" language of the exception. Indeed, it was this language that compelled an outcome that differed from that in *Finn*. In *Grieff*, we explained:

> *Finn* involved the sidewalk exception to governmental immunity—not the real property exception. These statutory exceptions to immunity are distinct. The sidewalk exception subjects a municipality to liability for negligence related to a 'dangerous condition of sidewalks.' The real property exception more broadly subjects a municipality to liability for harm resulting from the negligent 'care, custody or control' of its property.

*Grieff*, 693 A.2d at 196 n. 3 (citations omitted).

In *Kilgore*, we added: "[a]lthough this Court has previously stated that the real estate and sidewalk exceptions to governmental and sovereign immunity should be interpreted consistently, the plain language chosen by the legislature cannot be ignored in doing so." *Kilgore*, 717 A.2d at 518 n. 6.

With this background in mind, we turn to clarifying the framework for distinguishing between claims arising out of the presence of a substance or an object on Commonwealth property that satisfy the terms of the Sovereign Immunity Act's real estate exception at 42 Pa.C.S. § 8522(b)(4), and such claims that do not. This is an issue of statutory construction. As with any statutory construction question, the rules set forth in the Statutory Construction Act govern. 1 Pa.C.S. §§ 1901–1991. Our task in interpreting § 8422(b)(4) is to ascertain and effectuate the legislature's intent in enacting the provision. 1 Pa.C.S. § 1921(a); *Frontini v. Commonwealth Dep't. of Transp.*, 527 Pa. 448, 593 A.2d 410, 411–12 (1991). In this regard, § 8522(b)(4)'s language and the statutory scheme in which it is found control. 1 Pa.C.S.A. § 1921(a)-(b); *Commonwealth v. Pope*, 455 Pa. 384, 317 A.2d 887, 889 (1974).

The parties have, of course, weighed in on this matter. Interestingly, both Jones and SEPTA question the continued viability of the "on/of distinction". The analysis that should control, in the event we reject it, is, not surprisingly, where the parties differ.

Jones, on the one hand, directs our attention to the word "acts" in 42 Pa.C.S. § 8522(b), and asserts that the General Assembly authorized the imposition of liability on the Commonwealth under the real estate exception for more than conditions. Employing a traditional negligence analysis, Jones argues that immunity under 42 Pa.C.S. § 8522(b)(4) is waived in cases where it is proven that the Commonwealth owed the plaintiff a legal duty, the Commonwealth breached its duty, and the breach was the proximate cause of plaintiff's harm. Thus, according to Jones, SEPTA, like a private common carrier, may be held liable for any negligent act or omission that renders ingress and egress from its station unsafe, and her claim that SEPTA's negligence in allowing a substance to accumulate on its platform and create a dangerous condition falls within the Act's real estate exception.

SEPTA's approach, on the other hand, focuses on the "derive, originate or source" definition of the word "of" in the "dangerous condition of real estate" phrasing of the § 8522(b)(4)'s exception, which we emphasized in *Snyder*, 562 A.2d at 311 & n. 5. SEPTA contends that the dispositive inquiry in these cases need not be cast in terms of whether a claim alleges that a substance or object was "on" or "of", the real estate, but rather, should center on whether a claim satisfies that specific statutory language.

■ Having carefully evaluated the parties' respective arguments, and having had the benefit of years of observing how the so-called "on/of distinction" has affected this area of the law, we now conclude that the "on/of distinction" is problematic and of little or no use. Not only is it strained and confusing, it is also incorrect, because it works to exclude claims that fall within the parameters of the Act's real estate exception. *See infra*, note 3. Therefore, we reject it.

We now turn to each party's alternative view of 42 Pa.C.S. § 8522(b)(4). Jones' interpretation of the exception essentially incorporates the elements of a negligence cause of action. *Morena v. South Hills Health System*, 501 Pa. 634, 462 A.2d 680, 684 n. 5 (1983). By doing so, it only mirrors the Act's

threshold condition in 42 Pa.C.S. § 8522(a) that liability may be imposed on the Commonwealth for damages flowing from a negligent act where those damages would be recoverable under the common law or a statute against a person not having the defense of sovereign immunity available, and provides no suggestion as to the proper construction of the words of the real estate exception at 42 Pa.C.S. § 8522(b)(4), into which Jones' claim, if it is to proceed, must fall. Appellant's interpretation is, accordingly, unacceptable.

By contrast, we find great merit in SEPTA's approach. We agree that the key to § 8522(b)(4)'s meaning lies in the polestar of legislative intent, the plain meaning of the exception's "dangerous condition of" language. 42 Pa.C.S. § 8522(b)(4); 1 Pa.C.S. § 1921. We also agree that a return to our interpretation of § 8522(b)(4) in *Snyder*, which was founded on our understanding of that very phrase, is warranted. Accordingly, guided by *Snyder*, we conclude that a claim for damages for injuries caused by a substance or an object on Commonwealth real estate must allege that the dangerous condition "derive[d], originate[d] or ha[d] as its source the Commonwealth realty" itself, if it is to fall within the Sovereign Immunity Act's real estate exception. *Snyder*, 562 A.2d at 311 & n. 5. In other words, assuming all other requirements of the statutory exception at 42 Pa.C.S. § 8522(b)(4) are met, the Commonwealth may not raise the defense of sovereign immunity when a plaintiff alleges, for example, that a substance or an object on Commonwealth realty was the result of a defect in the property or in its construction, maintenance, repair or design.[3]

---

3. Jones provided an illustration to support her contention that the "on/of distinction" should be rejected. The illustration also demonstrates the application of our interpretation of the Act's real estate exception. In her Brief, Jones stated:

> Applying the '[on/of]' analysis as a rule to determine whether or not immunity is waived will produce absurd, inconsistent and illogical results. If an individual is walking on [C]ommonwealth property and steps in a hole in the walkway (defect of the property), then immunity is waived. However, if that same individual is walking on the same property and trips and falls over a chunk of the walkway that

At this point, we revisit the precedent we previously discussed. Our decision in this case and our decision in *Finn* are entirely consistent. Here, as there, we focus on the "dangerous condition of" phrase that the statutory exceptions in the Sovereign Immunity and Tort Claim Acts share respectively, and are guided by *Snyder's* teaching. Thus, *Finn's* essential holding that application of 42 Pa.C.S. § 8542(b)(7) depends on the "legal determination that an injury was caused by a condition of the government realty itself deriving, originating from, or having the realty as its source", 664 A.2d at 1346, is identical to our present holding. This is as it should be, since the material words the General Assembly used in the Sovereign Immunity Act's real estate exception mirror the material words it used in the Tort Claims Act's sidewalk exception. 42 Pa.C.S. §§ 8522(b)(4); 8542(b)(7),.

Moreover, our interpretation of 42 Pa.C.S. § 8522(b)(4) does not conflict with *Kilgore's* and *Grieff's* interpretation of the Tort Claims Act's real estate exception. 42 Pa.C.S. § 8542(b)(3). As aptly noted in those cases, the language the legislature chose for subjecting the Commonwealth to liability under 42 Pa.C.S. § 8522(b)(4)—"a dangerous condition of Commonwealth agency real estate"—varies markedly from the language it chose for subjecting a local agency to liability under 42 Pa.C.S. § 8542(b)(3)—the "care, custody or control of real property...." *See Kilgore,* 717 A.2d at 518 n. 6; *Grieff,* 693 A.2d at 197 n. 3. Because the words the General Assembly used in the Sovereign Immunity Act are one way and the words it used in the Tort Claims Act are another, we are of the view that the legislature did not intend that § 8422(b)(4) and § 8542(b)(3) be interpreted in lockstep.

formerly had been filling the hole and now is sitting on top of the walkway (defect on the property), immunity applies.

(Appellant's Brief at 26).

Jones is correct at least to argue that under the on/of distinction, immunity would be waived pursuant to 42 Pa.C.S. § 8522(b)(4) in the first scenario, but not in the second. Under our present holding, there is no argument that both of these scenarios would satisfy the terms of the Act's real estate exception. In both, the object on the walkway derived from, originated or had as its source the Commonwealth realty itself.

██ It now remains to apply the Sovereign Immunity's Act's real estate exception to the claim before us. In her complaint, Jones avers that "salt on the ground" of SEPTA's train platform constituted a "dangerous condition", causing her to slip and fall and suffer bodily harm. (Complaint, paras.4,5,9). The complaint, however, has no averments, which if proven, would establish that the salt derived or originated from or had as its source the train platform itself. We conclude, therefore, that Jones' claim does not satisfy the terms of 42 Pa.C.S. § 8522(b)(4), the Sovereign Immunity Act's real estate exception, and that SEPTA is immune from Jones' suit under 42 Pa.C.S. § 8521.

Accordingly, we affirm the Commonwealth Court's order, affirming the trial court's order granting SEPTA's motion for summary judgment.

Justice NEWMAN did not participate in the consideration or decision of this matter.

Chief Justice FLAHERTY files a concurring opinion in which Justice ZAPPALA joins.

FLAHERTY, Chief Justice, Concurring.

I concur in the result reached by the majority. I do not agree, however, that express rejection of the "on/of" distinction is warranted. The salt on the train platform that caused Jones' injuries was not a part of the platform itself; rather, it was merely a substance resting on the platform. Jones' injuries were not, therefore, caused by a dangerous condition of the platform itself, and hence, none of the exceptions to SEPTA's immunity under the Sovereign Immunity Act, 42 Pa.C.S. §§ 8521–8528 are applicable. *Finn v. City of Philadelphia*, 541 Pa. 596, 664 A.2d 1342 (1995).

Mr. Justice ZAPPALA joins this concurring opinion.