WILKINSBURG SCHOOL
DISTRICT, Appellant,

v.

BOARD OF PROPERTY ASSESS-
MENT, Appeals and Review of Alle-
gheny County (involving the property
of Beacon Hill Apartment Associates).

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 2002.

Decided April 10, 2002.

Reargument Denied May 31, 2002.

Isobel Storch, Pittsburgh, for appellant.

Howard F. Murphy, IV, Monroeville, for appellee.

Before McGINLEY, J., SIMPSON, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

Wilkinsburg School District (school district) petitions this Court for review of the Court of Common Pleas of Allegheny County's (trial court) grant of a partial summary judgment in favor of Beacon Hill Apartment Associates (property owner). That judgment affirmed the reduction of the property owner's tax assessment for the years prior to 1998 by the Board of Property Assessment, Appeals and Review of Allegheny County (Board). We affirm.

The trial court found the property had been assessed at a value of $565,000 for the 1995 tax year. In December 1995, the Allegheny county tax assessor submitted a change order that would increase the assessment to $960,000 for the 1996 tax year, even though that increase was not based upon any new buildings, construction, or improvements.

The property owner appealed to the Board, which rolled back the assessment to the 1995 level. The trial court observed that this rollback was due to "an unwritten policy of the [Board] that reassessments of real property made in 1995 to be effective for tax year 1996 which increased the value were to be rolled back automatically to the value existing prior to the reassessment, unless the increased assessment was based on new buildings, construction, or improvements." Trial Ct. Op. at 1.

The Board's rollback of the property's tax assessment prompted the school district's appeal to the trial court. The property owner then filed its motion for summary judgment in which it sought an order dismissing the school district's appeal. After a hearing, the trial court allowed the school district to proceed with its tax assessment appeal for the years 1998 and beyond, but decided the property owner prevailed for the years prior to 1998.

The trial court explained that for the years 1996 and 1997, Allegheny County property was assessed at 25% of its 1995 fair market value. Because of an assessment freeze, however, the assessment value for 1996 and 1997 was not at 25% of the fair market value. The trial court found determinative two resolutions of the Board. The first resolution froze assessments for 1996 [1] and the second continued the freeze for 1997.[2]

■■■■ The school district now asks this Court [3] to reverse the trial court because it

---

1. The January 2, 1996 resolution read:

   Resolved, that in order to remedy any inequities that may have developed over the years, the Board hereby declares that all property assessments are immediately frozen: EXCEPT that said freeze shall not apply to new buildings, construction, improvements and subdivisions.
   R.R. 5a.

2. The January 14, 1997 resolution noted the Board's action of 1/2/96 and resolved to implement that action by resolving that:

   1. The assessments certified for the tax year 1995 are hereby recertified for the tax year 1997, adjusted for (a) changes of ownership, (b) changes in status including exempt status, (c) changes through tax appeals settled or otherwise decided, (d) the addition of omitted property, (e) the elimination of gentrification assessments as required by Court decision, and (f) changes to physical characteristics of properties, e.g., new construction, additions and demolitions, (g) the correction of errors previously approved by the [Board], and (h) subdivisions; see 72 P.S. § 5452.17a.

2. The Established Predetermined Ratio shall remain at 25%, however, during 1997, assessments for new construction, additions, omitted property which is discovered, subdivisions and appeal decision, shall be determined by arriving at current value and applying the common level ratio, as determined by the State Equalization Board, in accordance with the law; see 72 P.S. Section 5452.10(c) and (d).

3. During the 1997 tax year, the [Board], through its representatives, shall confer and consult with the Board of County Commissioners, as required, to plan for the implementation of a countywide reassessment.
R.R. 6a, 7a.

3. In reviewing the grant of a summary judgment, this Court must apply the same standard of review as the trial court. It will examine the record in the light most favorable to the non-moving party and resolve all doubts as to the presence of a genuine issue of material fact against the moving party. *Albright v. Abington Memorial Hospital*, 548 Pa. 268, 696 A.2d 1159 (1997). An appellate court may not disturb the order of the trial court, absent an error of law or a clear abuse

alleges that the record did not establish that there was purposeful discrimination.[4] The property owner did not present any evidence of any other properties that may have been reassessed in 1995 where those property taxes were rolled back. Consequently, the school district concludes it was error for the trial court to disturb the presumptive validity of the Board's assessment. *Fosko v. Board of Assessment Appeals, Luzerne County.*, 166 Pa.Cmwlth. 393, 646 A.2d 1275 (1994).

■ A governmental body must apply the same methodology for valuing real property to all property within its jurisdiction. *City of Lancaster v. Lancaster County*, 143 Pa.Cmwlth. 476, 599 A.2d 289 (1991). In *City of Lancaster* this Court concluded that Lancaster County's use of different assessment methods in certain areas, as well as making unsubstantiated wholesale adjustments to grade and depreciation factors violated the uniformity requirement of Article VII, Section 1 of the Pennsylvania Constitution. We ordered a countywide reassessment pursuant to a court-ordered time frame.

Here, the Board stipulated that the event that would trigger a new assessment was a new building, construction, improvements, or subdivisions. There had been no such event that would cause an increase in the property's value. Any successful appeal by the school district (or any other taxing body) during the 1996, 1997 tax years for any reason except the three triggering events would result in a *de facto* spot assessment.

The school district's remedy was to attack the legality of the freeze, not to take an action that would create a different methodology for one property owner. A tax assessment freeze was in place, the legality of which was not litigated. Property tax appeals could commence if the triggering events occurred. Here, none did. The reassessment is presumptively valid.

Accordingly, we affirm the order of the trial court.

## ORDER

AND NOW, this 10th day of April, 2002, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

▮

---

of discretion. *Shomo v. Scribe*, 546 Pa. 542, 686 A.2d 1292 (1996).

4. *Appeal of Armco, Inc.*, 100 Pa.Cmwlth. 452, 515 A.2d 326 (1986), *petition for allowance of appeal denied*, 516 Pa. 643, 533 A.2d 714 (1987)(consolidated appeals from Butler Area School District et al.). Taxpayers alleging that the administration of a tax violated their right to be taxed uniformly must demonstrate deliberate, purposeful discrimination in the application of the tax before constitutional safeguards are violated.