Carol LINGO, Appellant,

v.

PHILADELPHIA HOUSING
AUTHORITY.

Commonwealth Court of Pennsylvania.

Argued March 4, 2003.
Decided April 4, 2003.

Erika L. Austin, Philadelphia, for petitioner.

Stephanie M. Pompey, Philadelphia, for appellee.

Before PELLEGRINI, J., COHN, J., and FLAHERY, Senior Judge.

OPINION BY Judge COHN.

The instant case involves a slip and fall accident that occurred as Carol Lingo (Appellant) was descending an exterior stairwell that led to a basement entrance to a building owned by the Philadelphia Housing Authority (PHA). Appellant argued before the trial court that her injury was caused by her slipping on debris that had accumulated on the steps.[1] At the close of

---

1. Appellant alleges in her complaint that:

6. On or about April 3, 2000, Plaintiff was lawfully descending the stairwell ... when she fell due to leaves and other debris (including, but not limited to a dead cat) accumulated in the stairwell, as a result of which Plaintiff sustained serious bodily injury.
(Complaint at 3.) Plaintiff alleges the PHA's negligence consisted of:

a. Failing to properly maintain the property and stairwell at 528 Adams Avenue—The Hill Creek Housing Project, Building # 10, Philadelphia, Pennsylvania 19120;

b. Failing to remove foreign materials, including but not limited to a dead cat and leaves from the previous Autumn, from a community stairwell;

discovery, PHA filed a motion for summary judgment in which it argued that the sovereign immunity provisions of 42 Pa. C.S. §§ 8521–8522, precluded Appellant's suit. Appellant opposed this motion, arguing that her claim fell within the real estate exception to sovereign immunity. The trial court agreed with PHA and dismissed Appellant's case.

In explaining its decision, the trial court relied, *inter alia*, on *Jones v. Southeastern Pennsylvania Transportation Authority*, 565 Pa. 211, 772 A.2d 435 (2001). It noted that, in *Jones*, the plaintiff brought suit against SEPTA, alleging that she sustained an injury after slipping on rock salt that was on one of SEPTA's train platforms. It additionally noted that the Supreme Court, in *Jones*, relied on immunity provisions to conclude that the real estate exception did not apply because the plaintiff failed to allege in her complaint that the salt "derived or originated" from the train platform. *See* Trial Court Opinion (Opinion), 9/5/02 at 3 (quoting *Jones*, 565 Pa. at 227, 772 A.2d at 444). Analogizing the facts and rationale of *Jones* to the instant case, the trial court noted that:

> Plaintiff, who sustained injuries when she slipped on wet leaves and debris located on a stairwell in Defendant's building, also failed to show that the debris which caused her injuries derived, originated, or had as its source the steps themselves. Although an employee of Defendant stated in her deposition that there were chips in the concrete stairs, the Plaintiff failed to provide evidence that these chips caused the Plaintiff's injuries. In fact, Plaintiff explicitly stated in her deposition that there was no broken concrete or defects in the step.

Opinion at 3. As such, the trial court granted the summary judgment motion. Appellant appeals this decision.[2]

On appeal, Appellant acknowledges the case law cited by the trial court, and also notes the Pennsylvania Supreme Court decision in *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987) in which, as summarized by Appellant, "The Court ... held that the [real estate] exception will not apply where the resulting injury is merely facilitated by the real estate and not actually caused by the dangerous condition of the real estate itself." (Appellant's Brief at 10.) However, Appellant argues that "this case is very different from those cases ... because there are many genuine issues of material fact regarding the dangerous condition of the steps and the ultimate cause of Plaintiff's fall at the Hill Creek Apartments." (Appellant's Brief at 10.) Appellant asserts

---

c. Failing to warn the Plaintiff of the dangerous condition;

d. Failing to block off the stairwell due to the dangerous condition;

e. Failing to properly inspect the property that Defendant owned and controlled;

f. Failing to correct the dangerous condition;

g. In allowing the dangerous condition to exist after having actual and/or constructive notice of the dangerous condition of the property;

h. Negligence at law;

i. Violating the applicable Laws of the Commonwealth of Pennsylvania and the Ordinances of the City of Philadelphia.

(Complaint at 3–4.)

2. In reviewing a trial court's grant of summary judgment, we apply the same standard applied by the trial court in evaluating the motion: we "examine the record in the light most favorable to the non-moving party and resolve all doubts as to the presence of a genuine issue of material fact against the moving party." *Wilkinsburg School District v. Board of Property Assessment*, 797 A.2d 1034, 1035, n. 3 (Pa.Cmwlth.2002). Additionally, we may not disturb the order of the trial court, absent an error of law or a clear abuse of discretion. *Id.*

that, in addition to the debris upon the stairs, the concrete flight of stairs, itself, was defective in that the stair from which she fell had a small piece of concrete chipped away from the front right corner of the stair, rendering the stairwell unsafe.[3] In response, PHA raises two counter arguments: first, that the real estate exception to sovereign immunity is not applicable to an injury resulting from an accumulation of debris and, second, that Appellant presented no evidence to substantiate a claim that the stairwell itself was defective.

■ The immunity provision[4] derives from Article I, Section 11 of the Pennsylvania Constitution, which provides that "[s]uits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." In accordance with this provision, the legislature granted immunity to the Commonwealth and its agencies in many situations. *See* 1 Pa.C.S. § 2310.[5] However, this grant of immunity was given subject to certain exceptions that authorized plaintiffs to bring suit in certain instances of negligence. *See* Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522. One such instance, which Appellant seeks to apply in this case, is the real estate exception contained in Section (b)(4). This exception provides:

(b) **Acts which may impose liability.**— The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

\* \* \* \* \* \*

(4) **Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including

---

**3.** Appellant also seems to raise an argument that amounts to asking this Court to reinstate the complaint as a discovery violation penalty against PHA for what Appellant terms PHA's "conceal[ment]" of relevant evidence and material issues of fact." (Appellant's Brief at 9.) Indeed, the single heading in the discussion portion of Appellant's brief reads "summary judgment was inappropriate as defendant concealed relevant evidence and material issues of fact which should be decided by a jury." Much of Appellant's brief is devoted to discussing the inadequacy of PHA's response to a trial court order compelling PHA to disclose certain documentary evidence, specifically, *inter alia*, the work logs chronicling PHA's maintenance of the stairwell. Appellant does not question that the motion for summary judgment was filed after the close of discovery. Appellant had sufficient opportunity, upon receipt of the purported defective disclosure, in which to pursue an appropriate remedy with the trial court for PHA's purported discovery violation. Appellant failed to do so. We know of no basis, and Appellant presents us with no authority, upon which we, as an appellate body, may address what amounts to a discovery sanction in the con-text of our review of a summary judgment decision. As such, we do not address any purported discovery violations and conclude that any discovery claims Appellant may have had are waived.

**4.** The immunity of the housing authority from suit is governed by the sovereign immunity doctrine for Commonwealth agencies set forth in Sections 8521–22 of the Judicial Code. *Downing v. Philadelphia Housing Authority*, 148 Pa.Cmwlth. 225, 610 A.2d 535, n. 1 (1992), *petition for allowance of appeal denied*, 532 Pa. 658, 615 A.2d 1314 (1992).

**5.** This provision pertinently provides that:

Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. . . .

1 Pa.C.S. § 2310.

Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons. . . .

In applying this exception, we utilize a rule of strict interpretation based upon "the legislature's intent in . . . the Sovereign Immunity [Act] . . . to shield [the] government from liability." *Jones,* 565 Pa. at 220, 772 A.2d at 440.

■ A party seeking to bring a claim under the terms of the real estate exception "for injuries caused by a substance or an object on Commonwealth real estate must allege that the dangerous condition " 'derived, originated or had as its source the Commonwealth realty itself,' if it is to fall within the Sovereign Immunity Act's real estate exception." *Jones,* 565 Pa. at 225, 772 A.2d at 443 (citation omitted). In clarifying this rule, our Supreme Court has noted that

> In other words, assuming all other requirements of the statutory exception at 42 Pa.C.S. § 8522(b)(4) are met, the Commonwealth may not raise the defense of sovereign immunity when a plaintiff alleges, for example, that a substance or an object on Commonwealth realty was the result of a defect in the property or in its construction, maintenance, repair or design.

*Jones,* 565 Pa. at 225, 772 A.2d at 443–44.

■ In the instant case, as previously noted, Appellant alleges in her complaint that the dangerous condition consisted of the leaves and deceased cat that had accumulated on the steps of the stairwell. She does **not** allege that these conditions were in any manner derived from the stairs or stairwell. In reviewing her claims that her injuries were caused by this naturally accumulating debris, we are guided by our recent decision that the real property ex-

ception did not apply to allow a plaintiff to bring suit against the Pennsylvania Department of Transportation for an accumulation of snow on a roadway. *See Kahres v. Henry,* 801 A.2d 650, 654–55 (Pa. Cmwlth.2002) (concluding that "[Plaintiff] neither alleged nor presented any evidence that the snow mound encroaching the portion of the traveling lane of Pricetown Road derived or originated from or had as its source from Pricetown Road itself. Rather, the snow mound created by plowing was a natural incident of the snowfall."). Additionally, as correctly noted by the trial court, our Supreme Court concluded that salt placed upon a train platform was not a condition " 'derive[d], originate[d] or ha[d] as its source the Commonwealth realty.' " *See Jones.* We hold that this precedent is controlling on the issue before this Court. Because Appellant has failed to show that the dangerous condition involving the debris on the stairs "was the result of a defect in the property or in its construction, maintenance, repair or design," her claim is, therefore, barred by the doctrine of sovereign immunity.

Appellant seeks to avoid the bar of sovereign immunity by directing our attention to photographs that show a small chip in the corner of the stair at the bottom of the stairwell. PHA acknowledged that some of the photographs had been taken by its private investigator approximately one week after the incident. It challenges Appellant's argument, however, noting that Appellant, when presented with the photograph, still maintained that her injury was due to the debris:

**Question**: Looking at these photographs (referring to photographs taken of the stairs) now or thinking about this in hindsight, do you know what caused your foot to slip to the right or how you described it?

Lingo: Well there was a lot of trash and debris in the area, a lot of dead leaves and trash. It was worse than what's in the picture.

Question: Okay. I will represent, and this can be confirmed later, that these photographs were taken on April 10th of 2000 by an adjustment company or an investigator. Why don't you tell me, realizing you just indicated that the stairwell did not look like this on April 3rd—

Lingo: It did not look like that on April 3rd.

Question:—tell me how it looked in relationship to this picture.

Lingo: There was a lot of trash and debris, and it was very similar if not worse than that picture, than the debris in that (indicating). Also it had been raining and it was a very slippery area.

Question: It was raining on April 3rd?

Lingo: It had been raining throughout the night that day, and in fact in the morning it was very humid, and there was like a mist through the area, so this was a very slippery area coming down.

Question: Okay. The step itself though, it wasn't broken or visibly defective in any way?

Lingo: No, I don't remember. I didn't see it as being broken or visibly I didn't see anything like that.

\*       \*       \*       \*       \*       \*

Question: Did you feel as if your foot slipped on leaves or debris?

Lingo: That's what I felt, I believe that's what happened, my foot slipped on the debris. And I was wearing a good pair of shoes. I had a pair of Naturalizers with leather sole shoes on, loafers.

(Deposition of Carol A. Lingo, 5/9/02 (Deposition) at 35–37.) When asked further about the cause of the accident, Plaintiff reiterated her belief that the injury was caused by the debris:

Question: But in fact there was no broken concrete or defect in the step?

Lingo: No, there was not. It was just a lot of trash and debris.

(Deposition at 61.)

Appellant included no allegation in her complaint that the defect was derived from the property itself, but hinged her entire theory of the case upon the alleged dangerous condition caused by the debris. At deposition, despite reviewing photographs purporting to show a defective condition, Appellant continued to indicate her belief that the injury was caused by the debris, exacerbated only by the prior recent rainfall. Neither the debris nor the rainfall "derive[d], originate[d] or ha[d] as its source" government property. As such, the real estate exception to sovereign immunity is not applicable in this case. We find no error in the trial court's grant of PHA's motion for summary judgment.

### ORDER

NOW, April 4, 2003, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.