## Hain v. Borough of West Reading

*William R.A. Rush,* for plaintiff.
*Lisa Bellino Apelian,* for defendant Envirotech & Associates.

LASH, *J.,* April 24, 2009—The matter before this court is the motion of defendant, Envirotech & Associates Inc., for summary judgment. The within action is a claim for damages for injuries suffered by plaintiff, Archer Hain, during the construction of a new single story firehouse for the Borough of West Reading and West Reading Fire Company No. 1. Envirotech is an engineering firm retained by the Borough to handle inspections and provide reports to the Borough on the construction process. Plaintiff, a mason tender employed by F.L. Royer Inc., was injured when he fell from scaffolding at

the construction site. Plaintiff's amended complaint claims, among other things, that Envirotech had a duty to safeguard plaintiff's welfare based on its contractual obligation to perform safety inspections of the project for the Borough. Envirotech's motion contends that the inspection duties agreed upon between Envirotech and the Borough did not include providing safety inspections, that Envirotech owed no general or contractual duty to plaintiff, and that therefore, plaintiff has no cause of action against Envirotech. Argument was held on the motion on April 20, 2009.

According to plaintiff's amended complaint, the Borough, on February 26, 2002, entered into an agreement with Envirotech to act as an "on-site inspector" for the project. It was also stated that Envirotech was to act as the Borough's "representative" on the project. Plaintiff further alleges that, in accordance with the contract, Envirotech "undertook a duty to inspect the work site of the project to . . . ensure that all safety precautions necessary for the protection of the workers on the project and/or required by law were taken." Plaintiff then alleges that Envirotech failed to properly inspect the project and was negligent by allowing workers, such as plaintiff, to perform construction work while standing on a scaffolding which was unsafe because of its height and lack of railings or other safety devices required to protect a worker from falling. According to plaintiff, his fall and resulting injuries were a direct result of Envirotech's negligence.

The "contract" referred to in plaintiff's amended complaint was, in fact, an informal agreement delineated in

correspondence from Glen R. Powell, CSI, on behalf of Envirotech, addressed to the code compliance officer of the Borough of West Reading. The correspondence set forth the "scope of services" to be provided by Envirotech, listing the following:

• Provide inspections totaling approximately seven hours per week

• Attend all formal job meetings

• Review all change orders for form and appropriateness

• Review all applications for payment (certifications to be provided by architect)

• Notify architect of any issues arising from inspection activities (architect to handle issues)

• Keep project diary and take photos throughout the course of the project for use in case of disputes.

• Provide a monthly written report to the appropriate Borough representative(s) documenting progress.

In *Jones v. SEPTA,* 565 Pa. 211, 216, 772 A.2d 435, 438 (2001), the Supreme Court restated the standard for granting summary judgment:

"Summary judgment will be entered only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law. *Skipworth v. Lead Industries Association Inc.,* 547 Pa. 224, 230, 690 A.2d 169, 171 (1997). Summary judgment is proper in cases in which 'an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to a cause of action

or defense in which a jury trial would require the issues be submitted to a jury.' Pa.R.C.P. 1035.2(2). We review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 145, 615 A.2d 303, 304 (1992)."

The "primary element" in a negligence action is the existence of a duty of care owed by a defendant to the plaintiff. *Althaus ex rel Althaus v. Cohen,* 562 Pa. 547, 756 A.2d 1166 (2000). As the Pennsylvania Supreme Court stated in *Althaus:*

"The determination of whether a duty exists in a particular case involves the weighing of several discrete factors which include: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution." 562 Pa. at 553, 756 A.2d at 1169.

Plaintiff argues that Envirotech, as the Borough's representative, contractually assumed the duties of the Borough as a landowner. Plaintiff then cites Restatement (Second) of Torts §343[1] for the proposition that a land-

---

1. Restatement (Second) of Torts §343 states:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, if but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger or will fail to protect themselves against it, and

owner, or in this case its representative, must exercise reasonable care to protect persons invited on the land from a dangerous condition existing on the land.

However, for Envirotech to have assumed the duties of a landowner, it would have had to assume possession of the land, particularly the area occupied by the construction. Here, Envirotech's responsibility under the contract was limited to providing inspections for approximately seven hours per week, then providing a monthly written report to the Borough. Nowhere does it suggest that Envirotech had taken possession or assumed control of the land or the work site.

Secondly, the evidence is clear that, at all relevant times, neither the Borough nor Envirotech, as its representative, was in possession of the work site. The general contractor, defendant, Stirling Engineering & Construction Inc., had assumed possession of the work site in accordance with the contract it entered into with the Borough on February 26, 2002.[2] Article 10 of the "General conditions of the contract for construction" specifically provides that Sterling would be responsible for "initiating, maintaining and supervising all safety precautions and programs in connection with the performance of the contract," including taking reasonable precautions

---

"(c) fails to exercise reasonable care to protect them against the danger."

2. Defendant, Stirling Engineering & Construction Inc., is no longer a party to this suit due to this court granting its motion for summary judgment on November 13, 2007, on the basis that Stirling was entitled to statutory employer immunity under the Pennsylvania Workers' Compensation Act, 77 P.S. §1 et seq.

and providing reasonable protection for the safety of and to prevent injury to, employees on the project and other persons who may be affected thereby.[3]

A landowner has no duty to protect the employees of an independent contractor from risks arising from or created by the job contracted, unless the landowner retains and exercises control over the work of the independent contractor. *LaChance v. Michael Baker Corporation,* 869 A.2d 1054, 1057-58 (Pa. Commw. 2005). There is nothing in the record to suggest that the Borough, either directly or indirectly through Envirotech, retained possession and control of the work area during the construction process. There is also no evidence that the Borough controlled the work or workers at the site, or delegated that conduct to Envirotech. Accordingly, Envirotech has not assumed the duties of a landowner.

Plaintiff's primary argument is that the "inspections" called for in the contract between the Borough and Envirotech contemplates safety inspections and that, therefore, Envirotech is contractually obligated to detect and warn of safety concerns that exist. In the alternative,

---

3. Paragraph 10.1.1 of article 10 sets forth: "The contractor shall be responsible for initiating, maintaining and supervising all safety precautions and programs in connection with the performance of the contract." Section 10.2.1 of article 10 states, in pertinent part: "The 'contractor' shall take reasonable precautions for safety of, and shall provide reasonable protection to prevent damage, injury or loss to: .1 employees on the work and other persons who may be affected thereby." Section 10.2.6 of article 10 states: "The contractor shall designate a responsible member of the contractor's organization at the site whose duty shall be the prevention of accidents. This person shall be the contractor's superintendent unless otherwise designated by the contractor in writing to the owner and architect."

plaintiff contends that the term "inspections" is ambiguous, and that this ambiguity constitutes a material factual dispute requiring that the matter be submitted to a jury.

We disagree. The record is dispositive that Envirotech, as the Borough engineer, was to inspect the construction being performed to ensure that the construction complied with the plans and specifications of the submitted designs. Nothing in the record provides that the inspections would extend beyond this limited scope, or include safety inspections. Therefore, while the terms of the contract are indeed very general, the context of the provisions are made clear from the evidentiary record, and this court is satisfied that no ambiguity exists and that there is no issue of material fact.

Accordingly, we enter the following order:

## ORDER

And now, April 24, 2009, upon consideration of the motion of defendant, Envirotech & Associates Inc., for summary judgment, response thereto, briefs filed by the parties, and upon review of the record, the motion for summary judgment is granted. Judgment is entered in favor of defendant, Envirotech & Associates Inc., and against plaintiff, Archer Hain.