**[J-67-2020] [MO: Baer, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

SHARON WISE,

          Appellant

          v.

HUNTINGDON COUNTY HOUSING
DEVELOPMENT CORPORATION,
HOUSING AUTHORITY OF THE COUNTY
OF HUNTINGDON, CHESTNUT TERRACE
RESIDENT'S ASSOCIATION AND
WEATHERIZATION INC., A NON PROFIT
CORPORATION D/B/A HUNTINGDON
COUNTY HOUSING SERVICES,

          Appellees

: No. 97 MAP 2019
:
: Appeal from the Order of the
: Commonwealth Court at No. 1387
: CD 2018 dated June 12, 2019
: Affirming the Order of the
: Huntingdon County Court of
: Common Pleas, Civil Division, at No.
: CP-31-CV-344-2015 dated February
: 10, 2017
:
: ARGUED:  September 15, 2020
:
:
:
:
:
:
:
:

## CONCURRING OPINION

**JUSTICE DONOHUE**                                      **DECIDED:  April 28, 2021**

When we granted allowance of appeal in this case,[1] we agreed to review the

Commonwealth Court's decision to determine whether, inter alia, it advances existing

---

[1]  We granted allowance of appeal on the following issue:

> Whether the Commonwealth Court, in affirming the
> Huntingdon County Trial Court's grant of Summary Judgment,
> has unwarrantedly expanded sovereign immunity under 42
> Pa.C.S.[] § 8521 et. seq., and hence, continued the dwindling
> applicability of the real estate exception under 42 Pa.C.S.[] §
> 8522(b)(4) to a dangerous level in its continued disregard of
> the legislative intent of the Sovereign Immunity Act and

conflict and confusion in the application of the real estate exception to sovereign immunity codified in 42 Pa.C.S. § 8522(b)(4). While I agree with the result reached by the Majority, respectfully, in my view, the analysis perpetuates the reason for the confusion evidenced by the Commonwealth Court in its attempt to fit the facts of this case into the artificial condition versus a naturally occurring condition dichotomy implied in *Snyder v. Harmon*, 562 A.2d 307, 312 (Pa. 1989).

The Majority holds, and I agree, that the insufficiently illuminated walkway on the Housing Authority of Huntingdon County's ("HAHC") property was a dangerous condition "of the property" so that the real estate exception to sovereign immunity applies. The Majority reaches this conclusion by relying on the presence of a large tree and the inappropriate placement of a street lamp in relation to the tree so as to create shadows on the sidewalk. Since both the tree and the lamp are fixtures, the resulting shadow on the non-defective sidewalk created a dangerous condition of the property.

Although as said, I agree with this result, the only way to reconcile it with *Snyder v. Harmon*, 562 A.2d at 312, is by fitting it into the terminology "artificial conditions of the land."[2] Although *Snyder* addressed an absence of lighting, the dangerous condition

enumerated exceptions, and also advances existing conflict and confusion within an already unclear legal history?

*Wise v. Huntingdon Cty. Hous. Dev. Corp.*, 222 A.3d 748 (Pa. 2019).

[2] The *Snyder* Court stated:

We hold, therefore, that sovereign immunity is waived pursuant to 42 Pa.C.S. § 8522(b)(4) where it is alleged that the artificial condition or defect of the land itself causes an injury to occur. The corresponding duty of care a Commonwealth agency owes to those using its real estate, is such as to require that the condition of the property is safe for

created was "a deceptive appearance" of the shoulder of the road. *Id.* at 312–13. According to the *Snyder* Court, this deceptive appearance could not be said to be either an artificial condition or a defect in the land itself. *Id.* Thus, the exception to immunity for Commonwealth real estate did not apply.

Although not expressly stated, here, the Majority is concluding that the deceptive appearance created by the shadow is the result of an artificial condition of the land. The dangerous artificial condition of a shadowed walkway was created by a misplaced or insufficient outdoor lighting device. The HAHC's duty of care to the Plaintiff is such as to require that the property is safe for the activities for which it is regularly used, intended to be used, or reasonably foreseen to be used. *Id.* at 312. Here of course, Wise was using the walkway as intended. To me, there is no principled distinction between a deceptively shadowed walkway, where certain portions of it are not visible, and a totally unilluminated sidewalk, where none of it is visible so as to present a dangerous condition of the property.

The distinction between the dangers of an artificial condition of the property versus a naturally dangerous condition of the property is a distinction without a difference since the Commonwealth is held to account for negligent maintenance, design and construction of its real property. *Jones v. SEPTA*, 772 A.2d 435, 444 (Pa. 2001). The failure to install lighting creates dangers to invitees using walkways as does the negligent choice or placement of lighting around the walkways. Both failures involve the maintenance, design

---

the activities for which it is regularly used, intended to be used or reasonably foreseen to be used.

*Snyder*, 562 A.2d at 321.

and/or construction of the real estate. Both failures result in a dangerous condition of the real estate, specifically the walkway.

In my view, we should take this opportunity to eschew distinguishing between an artificial condition of the land and the land in its natural state to the extent this was the intention of *Snyder* since this particular aspect of the holding is not accompanied by any rationale. Since 1989, the case law applying it has been inconsistent. Take this case for example. It was the Commonwealth Court's attempt to reconcile this case with the artificial/natural dichotomy that made it resort to the movement of the earth on its axis to create darkness discussion. *Wise v. Huntingdon Cty. Hous. Dev. Corp.*, 212 A.3d 1156, 1166–67 (Pa. Cmwlth. 2019) (**exterior nighttime darkness** on Commonwealth property is not an artificial condition) (emphasis in original).

The Appellant specifically argues that this distinction, between artificially created dangerous conditions that support application of the real estate exception and naturally occurring dangerous conditions that do not, should be eliminated. Wise Brief at 23-26. Although, technically, this case can be decided without abolishing the distinction, we accepted review to resolve the confusion in the application of the real estate exception to sovereign immunity. In my view, we should eliminate the unwarranted distinction and resolve the confusion instead of perpetuating it. Thus, I concur in the result.

Justice Wecht joins this concurring opinion.