**[J-9-2025]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**

| | | |
|---|---|---|
| CITY OF PHILADELPHIA, | : | No. 34 EAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court entered on |
| | : | December 21, 2023, at No. 1272 CD |
| v. | : | 2021, reversing and remanding the |
| | : | Order of the Court of Common Pleas |
| | : | of Philadelphia County, Civil |
| J.S., SR. AND C.S., ADMINISTRATORS | : | Division, entered on October 21, |
| OF THE ESTATE OF J.S., | : | 2021, at No. 210700175. |
| | : | |
| Appellants | : | ARGUED:  September 9, 2025 |

**OPINION**

**JUSTICE McCAFFERY**                                        **DECIDED: March 26, 2026**

It is ingrained in our jurisprudence, and presumably known to legislators, that suit will not lie against the government unless there has been a clear waiver of immunity for the subject matter in question.[1]

In this discretionary appeal, we consider the parameters of the sexual abuse exception to general governmental immunity from tort claims codified in Section 8542(b)(9) of the Political Subdivision Tort Claims Act (PSTCA).[2]  *See* 42 Pa.C.S. § 8542(b)(9).   Enacted in 2019, Section 8542(b)(9) waives tort immunity in certain circumstances — "[t]he following acts by a local agency or any of its employees may result in the imposition of liability on a local agency; … *(9) Sexual abuse*. – Conduct which

---

[1] Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 285 (2012) (emphasis omitted).

[2] 42 Pa.C.S. §§ 8541-8564.

constitutes an offense enumerated under [42 Pa.C.S. §] 5551(7) (relating to no limitation applicable) if the injuries to the plaintiff were caused by actions or omissions of the local agency which constitute negligence." 42 Pa.C.S. § 8542(b)(9). Section 5551(7) lists nine sexual offenses for which there is no statute of limitations provided the victim was a minor at the time of the abuse. *See* 42 Pa.C.S. § 5551(7).

We must determine whether this legislatively-granted waiver of immunity applies when the victim of the sexual abuse is an adult, or whether it is limited to sexual abuse committed against minor victims. We hold the unambiguous language of Section 8542(b)(9) waives immunity of political subdivisions or their employees **only** if the plaintiff was a minor at the time of the sexual abuse.

## I. FACTS AND PROCEDURAL HISTORY

On July 6, 2021, J.S. filed a civil action against the City of Philadelphia (the City) — as operator of the Department of Prisons — and various unnamed prison employees,[3] asserting claims of sexual abuse, battery, and civil conspiracy. The allegations, as set forth in the complaint, describe a prolonged assault while J.S. was incarcerated, which are as follows.[4]

On July 30, 2019, J.S. was arrested by Philadelphia police. After being processed and arraigned at police headquarters, J.S. was transported to the Curran-Fromhold Correctional Facility (CFCF) when he was unable to post bail. He arrived at CFCF at

---

[3] J.S. referred to these employees as "John Does 1-20 and Jane Does 1-20[.]" Complaint, 7/6/2021, at ¶ 4.

[4] As this appeal is from an order sustaining preliminary objections and dismissing J.S.'s complaint, we "accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts." *Kleinbard LLC v. Office of District Attorney of Lancaster County*, 328 A.3d 21, 26 (Pa. 2024) (citation omitted).

approximately 4:29 a.m. on July 31st and was placed in a waiting cell. J.S. claims that sometime before 5:37 a.m., while he remained in that cell, numerous prison employees "viciously assaulted" him "because he was a homosexual." Complaint, 7/6/2021, at ¶¶ 21, 24, 26. Specifically, J.S. contends he was "subjected to indecent contact" when the offenders "forced" an "unknown object" into "and used [it] to puncture [his] buttocks." *Id.* at ¶ 22. J.S. was transported to the hospital, where he was intubated. He avers that "[a]s a result of this conduct, [he] suffered two rib fractures, an acute kidney injury, a gluteal abrasion, multiple bruises and laceration, a head injury resulting in hair loss[,] and puncture wounds on his body." *Id.* at ¶ 25.

The only cause of action in J.S.'s complaint implicating the City was Count III, which asserted sexual abuse. *See* Complaint at ¶¶ 48-58. J.S. alleged the City was negligent in failing to, *inter alia*, train, screen, and monitor its employees, appropriately staff the prison, and protect the inmates. The City filed preliminary objections on August 3, 2021, asserting it was immune from tort liability under the PSTCA. While acknowledging that the Act provides an exception for negligent acts and omissions constituting sexual abuse, the City insisted that the exception applies only if the victim was a minor at the time of the alleged abuse. Because J.S. was not a minor when the alleged abuse occurred,[5] the City asked the trial court to dismiss it from the action with prejudice. *See* Preliminary Objections, 8/3/2021, at 3 (unpaginated). J.S. filed a response in opposition, and accompanying memorandum of law, arguing that the City's interpretation of the statute was incorrect, and the sexual abuse exception to governmental immunity in the PSTCA is not limited to the sexual abuse of minor victims.

On October 6, 2021, after additional briefing by both parties, the trial court entered an order overruling the City's preliminary objections and directing the City to file an answer

---

[5] J.S. acknowledged in his complaint that he is an "adult individual." Complaint at ¶ 1.

to the complaint. The City filed a timely motion for reconsideration, asking the trial court to either reconsider its decision and enter judgment in favor of the City, or amend its order to permit an immediate interlocutory appeal pursuant to 42 Pa.C.S. § 702(b).[6] Although J.S. opposed the motion, on October 21, 2021, the court amended its prior order to include the requisite Section 702(b) language. *See* Order, 10/21/2021.

Thereafter, the City petitioned the Commonwealth Court for permission to appeal. The Court granted the petition to consider whether the new sexual abuse exception to governmental immunity in Section 8542(b)(9) applies only if the victim was a minor at the time of the abuse. In its Pa.R.A.P. 1925(a) opinion, the trial court abruptly changed course, and acknowledged that, upon further review, it agreed with the City that Section 8542(b)(9) waived immunity **only** if the victim was a minor. For that reason, the trial court requested the Commonwealth Court reverse the decision on appeal — which the Commonwealth Court agreed to in a unanimous, unreported, *en banc* decision. *See City of Philadelphia v. J.S.*, 311 A.3d 62 (Pa. Cmwlth. 2023) (*en banc*) (unreported).

The Commonwealth Court concluded that "[b]y its plain terms, Section 8542(b)(9) … specifically incorporates the provisions of Section 5551(7)[, which,] by its plain terms, … is specifically limited to crimes involving a 'victim [who] was under eighteen years of age at the time of the offense.'" *J.S.*, 311 A.3d at *3. In other words, the Commonwealth Court determined the sexual abuse exception was unambiguous and applied only if the plaintiff was a minor at the time of the abuse. For persuasive support, the Court cited its recent unreported decision in *Caldwell v. Dep't of Corrections*, 252 A.3d 708 (Pa. Cmwlth. 2021) (unreported), and the federal district court decision in *Jean v. City of Philadelphia*,

---

[6] When a trial court enters an interlocutory order that it believes "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter," Section 702(b) directs the court to state so in its order. 42 Pa.C.S. § 702(b). It is then up to the appellate court, "in its discretion, [to] permit an appeal[.]" *Id.*

604 F. Supp. 3d 271 (E.D. Pa. 2022). *Caldwell* considered an identical sexual assault exception in the Sovereign Immunity Act[7] and concluded that the immunity exception applied only if the plaintiff was a minor at the time of the sexual abuse. *See J.S.*, 311 A.3d at *3 (citation omitted). Observing that this Court has interpreted the PSTCA and the Sovereign Immunity Act "consistently, as they deal with indistinguishable subject matter[,]" the Commonwealth Court opined "no convincing reason has been advanced to distinguish [*Caldwell* from] this case." *Id.* (*citing Finn v. City of Philadelphia*, 664 A.2d 1342, 1344 (Pa. 1995)). As for *Jean*, the Court noted in a parenthetical that *Jean* interpreted the "age qualifier" in Section 5551(7) as "essential to what constitutes an 'offense' under that section." *Id.* (*citing Jean*, 604 F. Supp. 3d at 275).

Accordingly, the Commonwealth Court reversed the trial court's order and remanded for further proceedings.

## II. ISSUE

J.S.[8] petitioned this Court for allowance of appeal, which we granted to consider the following issue:

> Whether the Commonwealth Court incorrectly concluded that the Sexual Abuse Exception to the Local Political Subdivision Tort Claims Act (42 Pa.C.S. § 8542(b)(9)) is only applicable to plaintiffs who were minors at the time they were victimized?

*City of Philadelphia v. J.S.*, 316 A.3d 619 (Pa. 2024).

---

[7] 42 Pa.C.S. §§ 8521-8528. The Sovereign Immunity Act provides tort immunity to the Commonwealth except in very limited circumstances. *See* 42 Pa.C.S. §§ 8521-8522.

[8] During the pendency of the Commonwealth Court appeal, J.S. passed away. The executors of his estate — J.S., Sr. and C.S. — were substituted as parties pursuant to Pa.R.A.P. 502(a) ("If a party dies … while a matter is … pending in an appellate court, the personal representative of the deceased party may be substituted as a party[.]"). For ease of discussion, however, we continue to refer to the appellant/plaintiff as J.S.

## III. GOVERNMENTAL IMMUNITY

Before the 1970s, both governmental and sovereign immunity operated as judicially-created doctrines grounded in Article I, Section 11 of the Pennsylvania Constitution: "Suits may be brought against the Commonwealth in such manner, in such courts and in such cases **as the Legislature may by law direct**." PA. CONST. art. I, § 11 (emphasis added). Following a judicial attempt to abolish governmental and sovereign immunity,[9] the Pennsylvania General Assembly passed legislation reaffirming the broad grant of tort immunity to the Commonwealth and its political subdivisions. *See* 1978, Sept. 28, P.L. 788, No. 152, § 1, imd. effective. The Legislature declared:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, **shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity**. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 Pa.C.S. § 2310 (emphasis added). Accompanying this declaration, the Legislature enacted the predecessor to our present Sovereign Immunity Act. *See* 42 Pa.C.S. §§ 5110-5111 (repealed).

Subsequently, in 1980, the General Assembly enacted both the current Sovereign Immunity Act and the PSTCA. Both statutes provide broad immunity from tort liability to

---

[9] In 1973, this Court abrogated the judicially-created doctrine of governmental immunity in *Ayala v. Philadelphia Board of Education*, 305 A.2d 877 (Pa. 1973). Five years later, in July 1978, we issued a similar opinion abolishing sovereign immunity. In *Mayle v. Pennsylvania Dep't of Highways*, 388 A.2d 709 (Pa. 1978), we held that "the doctrine [of sovereign immunity] is unfair and unsuited to the times[;] the doctrine's day has long since passed." *Id.* at 710.

the government.[10]  Both statutes also create a list of enumerated exceptions where the General Assembly agreed to waive that broad immunity, thereby exposing the Commonwealth or a local agency to liability for its own negligent acts or those of its employees.  *See* 42 Pa.C.S. §§ 8522(b), 8542(b).  Nevertheless, governmental immunity remains the "absolute rule" and any exceptions "must be narrowly interpreted given the expressed legislative intent to insulate political subdivisions [and the Commonwealth] from tort liability."  *Mascaro v. Youth Study Center*, 523 A.2d 1118, 1123 (Pa. 1997) (citations omitted).  *See also Jones*, 772 A.2d at 440 ("Because the legislature's intent in both the Sovereign Immunity and Tort Claims Acts is to shield government from liability, except as provided for in the statutes themselves, we apply a rule of strict construction in interpreting [the] exceptions.") (citation omitted); *Lockwood v. City of Pittsburgh*, 751 A.2d 1136 (Pa. 2000) ("Because of the clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed.") (citation omitted).

In 2019, both statutes were amended to include the sexual abuse exception at issue before us.  *See* 2019 Pa. Legis. Serv. Act 2019-87 (H.B. 962) (House Bill 962).  This same legislation also added subsection (7) to Section 5551 of the Judicial Code, which eliminated the statute of limitations for certain sexual crimes committed against minor victims.  *See* 42 Pa.C.S. § 5551(7).

Although the short title to House Bill 962 broadly declared its intent to "reform[ ] remedies for victims of sexual abuse[,]"[11] the legislative history leading to its enactment reveals an overriding concern for **child sexual abuse reform** after the institutional

---

[10] The PSTCA focuses on local governmental agencies and their employees.  *See* 42 Pa.C.S. § 8541.  While the present dispute arises under the PSTCA, we have held that it should be "interpreted consistently" with the Sovereign Immunity Act, since both statutes "deal with indistinguishable subject matter."  *Finn*, 664 A.2d at 1344.  *Accord Jones v. Southeastern Pennsylvania Transp. Authority*, 772 A.2d 435, 440 (Pa. 2001).

[11] 2019 Pa. Legis. Serv. Act 2019-87 (H.B. 962).

scandals that came to light in the early to mid-2010s. The Bill's prime sponsor, Representative Mark Rozzi, declared that "[m]uch has happened over the years to bring attention to the hidden epidemic of childhood sexual abuse[,]" before referencing the grand jury reports exposing the Catholic archdiocese and private school scandals. Legislative Journal-House, 203rd Session of the General Assembly (House Journal), 4/10/2019, at 510. He explained that "we now know, without any doubt, the extent of the abuse and cover up that has plagued our State and that the statute of limitations reform must move forward." *Id.* Moreover, Representative Rozzi highlighted the Bill would "waive sovereign immunity for public entities guilty of covering up childhood sexual abuse" to provide for "absolute parity in the handling of sexual abuse claims between public and private institutions." *Id.*

House Bill 963 was also under consideration at that time.[12] That Bill proposed to add a constitutional amendment which would allow individuals who had been sexually abused as minors, but for whom the limitations period had expired, a period of two years to commence an action from the time of its enactment. *See* Joint Resolution No. 2 of 2019, Nov. 25, 2019. Speaking in support of both Bills, Representative Jim Gregory emphasized the Bills offered "a two-part, but unified, endeavor to address weaknesses in Pennsylvania's civil and criminal statutes relating to sexual abuse of children" particularly with respect to the "statutes of limitations and governmental immunity." House Journal, 4/10/2019, at 510. Representative Bryan Cutler agreed, declaring that even after the Bills pass, "[w]e all must do our part to try and eradicate sexual abuse of children from the face of the earth[,]" and there should "never again … be an opening in our laws where the perpetrators are left to be held unaccountable." *Id.* at 512. After House Bill 962 passed

---

[12] House Bill 963 was enacted as Joint Resolution No. 2 of 2019, Nov. 25, 2019.

the Senate with several amendments not relevant here,[13] Representative Tom Murt spoke in support of the amended Bill, clarifying that "[t]he ability of victims to sue is about justice, not money" and concerns the "accountability of institutions that covered up child sexual abuse or enabled abusers to commit their crimes against innocent children."  House Journal, 11/21/2019, at 1935.  Thus, the focus of the legislation was related to the sexual abuse of minors.

## IV. SEXUAL ABUSE EXCEPTION

Section 8542 of the PSTCA waives governmental immunity in certain, limited circumstances.  It explains that a local agency may be liable for damages resulting from an injury to a person or property when three prerequisites are met:  (1) the damages would be recoverable under the common law or a statute if the defendant were not protected by governmental immunity; (2) "[t]he injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties[;]" and (3) the negligent act which caused the injury is one of the acts listed in subsection (b).  42 Pa.C.S. § 8542(a)(1)-(2).  The negligent act at issue here is the sexual abuse exception listed in subsection (b)(9):

> *(9) Sexual abuse*.--**Conduct which constitutes an offense enumerated under section 5551(7) (relating to no limitation applicable)** if the injuries to the plaintiff were caused by actions or omissions of the local agency which constitute negligence.

42 Pa.C.S. § 8542(b)(9) (emphasis added).

At the same time the sexual abuse exception was added to Section 8542, the General Assembly enacted an identical provision in the Sovereign Immunity Act.  *See* 42

---

[13] It merits mention that one proposed Senate amendment would have eliminated the criminal statute of limitations for survivors of sexual abuse "regardless of age."  Legislative Journal-Senate, 203rd Session of the General Assembly (Senate Journal), 11/20/2019, at 1108.  That amendment, however, did not pass.  *See id.* at 1109.

Pa.C.S. § 8522(b)(10). As part of this reform, the Legislature amended Section 5551 of the Judicial Code to include subsection (7) — the statutory provision referenced in Section 8542(b)(9).

Section 5551 lists offenses for which there is no statute of limitations, including murder and homicide by vehicle. *See* 42 Pa.C.S. § 5551. Subsection (7) provides that "[a] prosecution … may be commenced at any time [for]:

> (7) **An offense under any of the following provisions of 18 Pa.C.S.** (relating to crimes and offenses), or a conspiracy or solicitation to commit an offense under any of the following provisions of 18 Pa.C.S. if the offense results from the conspiracy or solicitation, **if the victim was under 18 years of age at the time of the offense**:
>
> Section 3011(b) (relating to trafficking in individuals).
> Section 3012 (relating to involuntary servitude) as it relates to sexual servitude.
> Section 3121 (relating to rape).
> Section 3122.1 (relating to statutory sexual assault).
> Section 3123 (relating to involuntary deviate sexual intercourse).
> Section 3124.1 (relating to sexual assault).
> Section 3124.2 (relating to institutional sexual assault).
> Section 3125 (relating to aggravated indecent assault).
> Section 4302 (relating to incest).

42 Pa.C.S. § 5551(7) (emphases added). Thus, subsection (7) added nine additional sexual offenses to the list of crimes for which there is no limitations period, but **only** if the victim was a minor at the time of the offense.

Accordingly, the issue before us is whether Section 8542(b)(9)'s reference to the "[c]onduct which constitutes an offense enumerated under Section 5551(7)[,]" includes the age limitation or just the conduct which constitutes the offense. 42 Pa.C.S. § 8542(b)(9). This question is one of statutory interpretation.

## V. STATUTORY INTERPRETATION

Statutory interpretation involves a question of law; therefore, our scope of review is plenary, and our standard of review is *de novo*. *See U.S. Venture, Inc. v. Commonwealth*, 255 A.3d 321, 334 (Pa. 2021) (citation omitted). In such cases, "our foundational premise is to bring about the Legislature's intent in enacting the statute." *Green Analytics North, LLC v. Pennsylvania Dep't of Health*, 343 A.3d 1086, 1093 (Pa. 2025) (citation omitted). *See* 1 Pa.C.S. § 1921(a); *Commonwealth v. Hardy*, 337 A.3d 385, 404 (Pa. 2025) ("The object of all statutory interpretation is 'to ascertain and effectuate the intention of the General Assembly.'") (citation omitted).

It is axiomatic that the plain language of a statute, generally, "provides the best indication of legislative intent." *Ursinus College v. Prevailing Wage Act Bd.*, 310 A.3d 154, 170 (Pa. 2024) (citation omitted). In determining the plain meaning of a statutory provision, we consider "the statutory language in context and give words and phrases their common and approved usage." *Green Analytics*, 343 A.3d at 1093 (citation omitted). Indeed, the Statutory Construction Act informs that "[w]hen the words of a statute are clear and free from all ambiguity," we must not disregard the language "under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). So, when the language is clear and unambiguous, we need not resort to the other factors for interpreting statutory language set forth in Section 1921(c). *See* 1 Pa.C.S. § 1921(c). Nonetheless, we do not interpret statutory text in isolation; rather we view it "with reference to the context in which it appears." *Commonwealth v. Kingston*, 143 A.3d 917, 922 (Pa. 2016).

A contextual reading of statutory language requires us to look beyond the specific provision at issue and read it in the context of the overall statutory scheme, construing

the statute as a whole in a manner that gives effect to all the provisions, if possible.[14]  *See* 1 Pa.C.S. § 1921(a); *Matos v. Geisinger Med. Ctr.*, 334 A.3d 288, 306 (Pa. 2025).  While we have recognized the "tension" of considering both the common meaning of the words at issue and the statutory provision in context, "both commands are mere tools in service of identifying [legislative] intent."  *Green Analytics*, 343 A.3d at 1093.  While an ambiguous statute is one where "there are at least two reasonable interpretations of the text[,]"[15] we have cautioned that "we must not overlabor to detect or manufacture ambiguity where the language reveals none."  *Reibenstein v. Barax*, 286 A.3d 222, 230 (Pa. 2022) (citation omitted).

## VI. ARGUMENTS OF THE PARTIES

Turning to the issue before us, both parties insist that the statutory language in Section 8542(b)(9) is **unambiguous**, and that their interpretation of the language controls.  J.S. focuses on the phrase "[**c**]onduct which constitutes an offense[.]"  J.S.'s Brief at 16 (emphasis added) (*citing* 42 Pa.C.S. § 8542(b)(9)).  Citing to the Legislative Drafting Manual[16] in the Pennsylvania Administrative Code, he maintains the General

---

[14] The Concurring Opinion bemoans our consideration of "context" in a statutory interpretation question involving plain and unambiguous language.  Concurring Opinion at 2 n.2.  Nevertheless, Justice Wecht admits that "a statutory provision must be understood within the content of the broader statutory scheme within which it exists[.]"  *Id.* That is simply what we did.  Our analysis does not, as he fears, "squint at [the] law" to determine the intent of the Legislature.  *Id.*  Rather, we focus on the unambiguous statutory language, which, unsurprisingly, both parties assert unambiguously supports their disparate interpretations.  Even unambiguous language must be viewed in context. *See* Kingston, 143 A.3d at 922.  Indeed, as Chief Justice Roberts opined:  "Our duty, after all, is 'to construe statutes, not isolated provisions.'"  *King v. Burwell*, 576 U.S. 473, 486 (2015) (citation omitted).

[15] *Kornfeind v. New Werner Holding Co., Inc.,* 280 A.3d 918, 925 (Pa. 2022) (citation omitted).

[16] 101 Pa. Code §§ 13.1-19.515.

Assembly cross-referenced the offenses listed in Section 5551(7) only for purposes of "brevity and to avoid redundancy[.]" *Id.* at 18 (*citing* 101 Pa. Code 15.93 (calling for "[b]revity" in drafting statutes)). J.S. argues the "conduct" which constitutes each of the enumerated offenses does not include an age limitation. *Id.* at 21. Rather, "the age of the victim is an attendant circumstance which implicates the applicability of the statute of limitations" — it "is not part of the 'conduct' that amounts to an offense under the Crimes Code." *Id.* Acknowledging the word "conduct" is not defined in the Judicial Code, he references the definition in the Crimes Code,[17] which describes "[c]onduct" as "[a]n action or omission and its accompanying state of mind, or, where relevant, a series of acts and omissions." *Id.* at 20 (emphasis omitted) (*citing* 18 Pa.C.S. § 103). In J.S.'s view, whether the victim was a minor or adult at the time of the offense is irrelevant "because the **conduct** required to constitute … the offenses enumerated in Section 5551(7) remains the same[.]" *Id.* at 22 (emphasis in original). He insists that if the General Assembly intended to limit the sexual abuse immunity exception to minor victims, it would have done so explicitly — *e.g.*, by naming the subsection "Sexual Abuse **of minors**[.]" *Id.* at 18 (emphasis in original).

J.S. also contends the Commonwealth Court's reliance on *Caldwell* and *Jean* is misplaced. He emphasizes that *Caldwell* is an unpublished Commonwealth Court decision, and "did [not] involve a claim under Section 8542(b)(9)." J.S.'s Brief at 24. Thus, any seemingly relevant language in that case is *dicta*. As for *Jean*, J.S. concedes that district court "rejected the exact argument" he advances here, however, he contends the *Jean* Court conducted only a "brief and unremarkable" analysis of the statutory text and "failed to grasp the distinction between conduct constituting an offense and attendant circumstances[.]" *Id.* at 25. J.S. explains that the age limitation in Section 5551(7) is

---

[17] 18 Pa.C.S. §§ 101-1111.

relevant to the statute of limitations, not to the commission of the enumerated sexual offenses. *See id.* at 26 (asserting that "conduct amounting to a Rape" does not cease to "constitute a Rape after the statute of limitations has expired") (emphasis omitted). Accordingly, J.S. contends that neither *Caldwell* nor *Jean* "should be regarded by this Court as persuasive authority on the issue to be decided here."[18] *Id.* at 27.

The City, however, argues Section 8542(b)(9) is unambiguous for the opposite reason — the General Assembly clearly intended the sexual abuse immunity exception to apply only if the victim was a minor at the time of the offense. It insists Section 5551(7)'s age qualifier is its "key substantive provision" — the statute of limitations for the enumerated sexual crimes is extended "**only** if the victim was under 18 years old at the time of the offense." City's Brief at 9 (emphasis in original). It maintains the General Assembly incorporated Section 5551(7) into Section 8542(b)(9) "without reservation, signaling that the legislature intended to incorporate the 'under 18' requirement as well." *Id.*

The City's interpretation focuses on context. It emphasizes that "the overriding policy and purpose" of the PSTCA is "to limit public liability for private tort claims[,]" and, therefore, the exceptions to this broad grant of immunity must be narrowly construed.

---

[18] The Pennsylvania Association for Justice filed an amicus brief in support of J.S., concurring with his assertion that Section 8542(b)(9) references the "[c]onduct which constitutes an offense enumerated under" Section 5551(7), and does not "specify that the victim must be under 18 when the act occurred." Amicus Brief at 6, 10. Amicus notes that the General Assembly explicitly included an age limitation when necessary, citing the immunity exception for liquor store sales in Section 8522(b)(7). *See id.* at 12 (*citing* 42 Pa.C.S. § 8522(b)(7) (waiving sovereign immunity for the "sale of liquor at Pennsylvania liquor stores by employees of the Pennsylvania Liquor Control Board … if such sale is made to **any minor** …") (emphasis added)).

Furthermore, Amicus agrees *Caldwell* is not controlling and fears that limiting the sexual abuse immunity exception to minor victims will "insulate[] not only prison guards but all other local agency employees from liability for crimes where the victims are frequently adults[.]" *Id.* at 12-13.

City's Brief at 10-11 (citations omitted). Importantly, the City highlights that both Section 5551(7) and Section 8542(b)(9) were enacted as part of the same legislative package, House Bill 962. And, Section 5551(7) was added for the sole purpose of eliminating the statute of limitations for certain sexual crimes committed against **minors**. *See id.* at 16. The City argues that J.S. is asking this Court "to ignore the very purpose of Section 5551(7)" by disregarding the age limitation in that provision. *Id.* at 17-18. It declares that a plain language reading supports its interpretation: "As [Section 8542(b)(9)] incorporated Section 5551(7) without reservation, and Section 5551(7) is expressly limited to sex crimes perpetrated against children, [Section 8542(b)(2)] is also limited to crimes against children." *Id.* at 21. The City maintains that J.S.'s analysis relies on the definition of the word "conduct" in a different statute (the Crimes Code), which does not apply to the Judicial Code.

Furthermore, the City asserts its plain reading of Section 8542(b)(9) supports the established statutory presumption that "the General Assembly intends to favor the public interest as against any private interest." City's Brief at 19 (*citing* 1 Pa.C.S. § 1922(5)). As for Amicus's policy argument — that this interpretation will insulate prison guards and other agency employees — the City emphasizes that agency employees are still liable for criminal conduct, as well as conduct that occurs outside their scope of employment. *See id.* at 20-21.

## VII. ANALYSIS

We begin, as always, with the statutory text at issue. *See Green Analytics*, 343 A.3d at 1093. Here, our focus is on two provisions — Section 8542(b)(9) and Section 5551(7).

Section 8542(b)(9) provides an exception to the broad governmental immunity from tort claims if the plaintiff's injuries were caused by the negligent "actions or omissions of the local agency" (or its employees), leading to "[c]onduct which constitutes an offense enumerated under section 5551(7) (relating to no limitation applicable)[.]"  42 Pa.C.S. § 8542(b)(9).  Section 8542(b)(9)'s reference to Section 5551(7) is unqualified.

Section 5551(7) lists nine sexual offenses for which there is no statute of limitations, **provided** the victim was a minor at the time of the offense.  *See* 42 Pa.C.S. § 5551(7).  We agree with the City that the "key substantive provision" in Section 5551(7) is the age qualifier.  City's Brief at 9.  The clear purpose of Section 5551(7) is to lift the statute of limitations for **minor** victims of the listed offenses.  In other words, Section 5551(7) explicitly adds a requirement that the victim be a minor at the time of the crime.

While J.S. concedes Section 5551(7) "concerns the criminal statute of limitations for certain sexual offenses[,]" he disregards, or at the very least downplays, that fact in his textual analysis.  J.S.'s Brief at 17.  Rather, J.S. hyper focuses on the word "conduct" in Section 8542(b)(9) to manufacture an ambiguity in the provision where there is none.[19]  Pursuant to Section 5551(7), the listed crimes all contain an additional element, namely, that "the victim was under 18 years of age at the time of the offense[.]"  42 Pa.C.S. § 5551(7).  Otherwise, the age provision is simply meaningless.  Thus, when the General Assembly referred to the "[c]onduct which constitutes an offense enumerated under section 5551(7) (relating to no limitation applicable)[,]" in the sexual abuse exception, the only reasonable interpretation is that the General Assembly intended the immunity exception to apply to those offenses listed in Section 5551(7) only if the victim was a minor at the time of the offense.  42 Pa.C.S. § 8542(b)(9).

_____

[19] Ironically, despite reading an ambiguity into the statute, J.S. maintains the provision is **unambiguous**.

Contextually, this interpretation simply makes sense. Through its enactment of Section 2310, the Sovereign Immunity Act, and the PSTCA, the Pennsylvania General Assembly clearly directed that broad governmental immunity is the "absolute rule." *Mascaro*, 523 A.2d at 1123. *See also* 1 Pa.C.S. § 2310 ("[I]t is hereby … the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to … remain immune from suit except as the General Assembly shall specifically waive the immunity."); 42 Pa.C.S. § 8521(a) ("Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity[.]"); 42 Pa.C.S. § 8541 ("Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."). Accordingly, we must interpret **narrowly** the specific, legislatively-granted exceptions to this broad immunity.

In *Mascaro*, we refused to extend Section 8542(b)(3)'s real property exception[20] to permit an action against a city agency for negligently maintaining a detention center from which a prisoner escaped. *See Mascaro*, 523 A.2d at 1119, 1124. The prisoner later burglarized the plaintiffs' home and sexually assaulted the wife and child. *See id.* Narrowly interpreting the exception, this Court held that it "applied only … where it is alleged that the artificial condition or defect of the land **itself** causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability." *Id.* at 1124 (emphasis in original). *See also Snyder v. Harmon*, 562 A.2d 307, 309, 313 (Pa. 1989) (narrowly interpreting the same exception in the Sovereign Immunity Act; holding the Pennsylvania Department of Transportation was immune from

---

[20] This exception waives governmental immunity if the plaintiff's injuries resulted from "[t]he care, custody or control of real property in the possession of the local agency[.]" 42 Pa.C.S. § 8542(b)(3).

negligence action alleging it failed to warn or protect public from privately-owned strip mine pit located 12-feet from the road because claims were not premised upon "an artificial condition or defect of the [Commonwealth-owned] land itself").

We also narrowly interpreted Section 8542(b)(6)'s "streets" exception, which "exposes a local agency to liability for … [a] dangerous condition of streets[.]"[21] *Lockwood*, 751 A.2d at 1139 (*citing* 42 Pa.C.S. § 8542(b)(6)(i)).  In that case, the decedent was a passenger in a car driven by a drunk driver.  *See id.* at 1137-1138.  The driver failed to negotiate a sharp curve in the road, and the car traveled down an embankment and struck a tree; the decedent suffered fatal injuries.  *See id.*  The administrator of decedent's estate sued the City, asserting it negligently maintained its roadways — specifically, that the absence of a guardrail at the sharp turn created a "foreseeable risk of injury and was a substantial factor in causing" decedent's death.  *Id.* at 1138.  This Court again held the City was immune from tort liability, and the "streets" exception in the PSTCA did not apply:  "[T]he City's failure to install a guardrail along the curve in the road where the accident occurred is not a **dangerous condition of streets**[.]"[22]  *Id.* at 1140 (emphasis added).

---

[21] Section 8542(b)(6) provides an exception to governmental immunity if, *inter alia*, the plaintiff's injuries were caused by "[a] dangerous condition of streets owned by the local agency" so long as the plaintiff establishes "the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice … of the dangerous condition" in sufficient time to "have taken measures to protect against" it.  42 Pa.C.S. § 8542(b)(6)(i).

[22] *Lockwood* was decided the same day as *Dean v. Com., Dep't of Transp.*, 751 A.2d 1130 (Pa. 2000), which considered (and rejected) the same immunity exception in the Sovereign Immunity Act.  *See* 42 Pa.C.S. § 8522(b)(4).  *Dean* also involved a claim that the Commonwealth was negligent in failing to install a guardrail where a motor vehicle accident occurred.  *See Dean*, 751 A.2d at 1131.  The *Dean* Court explained that "the absence of a guardrail cannot be said to be a dangerous condition of the real estate that resulted in a reasonably foreseeable injury[.]"  *Id.* at 1134.

Even when this Court has held that an immunity exception applied, and the plaintiff's tort action against a city or governmental agency could proceed, we have done so based upon a textual, plain language interpretation of the exception at issue. *See Balentine v. Chester Water Authority*, 191 A.3d 799, 808-810 (Pa. 2018) (plaintiff alleged government employee parked a vehicle "in the roadway" before the vehicle was struck by third party, which caused the vehicle to move forward and strike plaintiff; vehicle liability exception in PSTCA, which waives immunity for tort claims resulting from the "**operation** of any motor vehicle in the possession or control of [a] local agency[,] does not require the vehicle to be in motion to impose liability") (emphasis added; citation omitted); *Brewington for Brewington v. City of Philadelphia*, 199 A.3d 348, 350-351, 357 (Pa. 2018) (child injured when he tripped during gym class and hit his head on concrete gym wall; PSTCA's real property exception, which waives immunity when an injury results from the "care, custody or control of real property in the possession of" agency, applicable as the wall "constitutes real property") (citation omitted).

Turning back to the sexual abuse exception, prior case law supports our conclusion. Every court that has considered the age limitation question has concluded that the exception applies **only** if the victim was under the age of 18 at the time of the sexual abuse. After *J.S.*, the Commonwealth Court issued an *en banc* ruling in *West v. Pittsburgh Public Schools*, 327 A.3d 340 (Pa. Cmwlth. 2024) (*en banc*), reaffirming its determination that the sexual abuse exception applies only if the victim was a minor. *See id.* at 346-347. The Court rejected a policy argument that the exception should extend to the victim in that case, a 19-year-old intellectually disabled student who was sexually assaulted by a substitute bus driver on her way home from school. *See id.* at 342, 347. Two Commonwealth Court judges filed concurring opinions, recognizing the Court was bound by the plain language of the statute, but urging the General Assembly to take

action. *See id.* at 348 ("This case reveals a glaring and inequitable oversight in the [PSTCA].") (McCullough, J., concurring); *id.* at 353-354 (Wallace, J., concurring). Moreover, two separate federal district courts in the Eastern District of Pennsylvania found that a plain reading of the statute compelled the same result — that is, the immunity exception applies only if the victim was a minor at the time of the sexual assault. *See Kahler v. County of Delaware, Pennsylvania*, ___ F. Supp. 3d ___, ___, 2025 WL 2778092, *8 n.6 (E.D. Pa. 2025) (Perez, J.) (County was immune from negligent supervision claim brought by former Delaware County Department of Emergency Services employee who alleged she was sexually assaulted by supervisor when plaintiff "was not a minor" at the time of alleged assault); *Jean v. City of Philadelphia*, 604 F. Supp. 3d 271, 275 (E.D. Pa. 2022) (Robreno, J.) (City was immune from negligence claim brought by administrator of estate of inmate who was sexually assaulted by cellmate; "under the plain language of the statute, the sexual assault exception to governmental immunity, as stated in [S]ection 8542(b)(9) …, only applies when the victim was under eighteen years of age at the time of the alleged sexual assault.").

Notably, the Third Circuit and several federal district courts have, in the same manner, applied the age limitation to the sexual abuse exception in Section 8522(b)(10) of the Sovereign Immunity Act. *See Brown v. Maxwell*, 2024 WL 1209517, *1, *4 (3d. Cir. 2024) (unreported) (Department of Corrections employees immune from negligence action brought by transgender prisoner who was sexually assaulted by cell mate; "[b]ecause [plaintiff] does not assert that she was [under] 18 [at the time of the assault], the 'sexual abuse' exemption is inapplicable."); *Doe v. East Stroudsburg Univ. of Pennsylvania*, 2023 WL 7548028, *1, *6 (M.D. Pa. 2023) (unreported) (University immune from state law tort claims arising from student's sexual assault by another student; plaintiff's claims "do not fit within [the sexual abuse immunity] exception because she was

not under the age of eighteen at the time of the conduct."); *Cunning v. West Chester Univ.*, 2021 WL 765729, *1-*2 (E.D. Pa. 2021) (unreported) (University immune from negligence claims arising from graduate assistant's sexual assault of student; "by its clear terms, [Section] 5551(7) applies only to instances in which the 'victim … was under 18 years of age at the time of the offense,' and [p]laintiff acknowledges that she was already twenty years old when her relationship with [the graduate assistant] began.") (citations omitted).[23]  The sexual abuse immunity exception in both statutes includes identical language — *compare* 42 Pa.C.S. § 8522(b)(10) *with* 42 Pa.C.S. § 8542(b)(9) — and we read the PSTCA "consistently" with the Sovereign Immunity Act as they both "deal with the same subject matter[.]" *Jones*, 772 A.2d at 440 (citation omitted).  While we recognize that none of these decisions are controlling or precedential, the courts' consistent interpretation of the sexual abuse immunity exception in both the PSTCA and Sovereign Immunity Act certainly lends credence to the City's plain meaning argument.[24]

We also reject J.S.'s contention that the only reason the General Assembly referenced Section 5551(7) in Section 8542(b)(9) was for purposes of brevity and to avoid redundancy — "there is no need to repeatedly define a term if said term is defined elsewhere in the consolidated statutes."  J.S.'s Brief at 18 (citation omitted).  Indeed, J.S. cites to the "Brevity" provision in the Legislative Drafting Manual for support.  *See id.*

---

[23] Although the Commonwealth Court relied on its prior decision in *Caldwell* for persuasive support, we agree with J.S. that the reference to the age limitation in that case was *dicta*. *See Caldwell*, 252 A.3d at *6 n.8.  In *Caldwell*, the plaintiff alleged, *inter alia*, he was sexually abused by correctional officers while he was in prison.  *Id.* at *2.  Although the court noted the plaintiff could not circumvent sovereign immunity *via* the sexual abuse exception because he "was not a minor[,]" the primary reason for the Court's ruling was that the plaintiff did not allege any **negligence** claims, rather he "asserted intentional acts[.]"  *Id.* at *6 n.8, *7.

[24] Although not dispositive, the legislative history which we summarized above and preceded the enactment of the sexual abuse exception, further bolsters our determination that the exception plainly incorporates Section 5551(7)'s age limitation.

(*citing* 101 Pa. Code § 15.93). However, that provision does not instruct legislators to cross-reference provisions in other statutes for purposes of brevity. Rather, it provides:

> No unnecessary word must be used. The courts seek to give effect to every word. An unnecessary word may defeat the true purpose of a statute. If a word has the same meaning as a phrase, the word should be used. The shortest sentences which bring out the meaning intended should be used. Compound sentences should be avoided.

101 Pa. Code § 15.93(a). Further, subsection (b) directs that "[p]reciseness must not be sacrificed to simplicity[,]" and legislators should "[b]e sure [to] say what [they] want to say and that it is neither too comprehensive nor too restricted." 101 Pa. Code § 15.93(b). Here, contrary to J.S.'s assertion, by applying Section 5551(7)'s age limitation to the sexual abuse immunity exception, we do not read additional language into that provision that does not appear in the text — instead, we refuse to ignore Section 8542(b)(9)'s explicit reference to Section 5551(7), which functions only if the victim of sexual abuse was a minor.

## VIII. CONCLUSION

Accordingly, we conclude that a plain reading of the sexual abuse exception to the PSTCA unambiguously incorporates the age limitation in Section 5551(7) when it refers to "[c]onduct which constitutes an offense enumerated under Section 5551(7) (relating to no limitation applicable)[.]"[25] 42 Pa.C.S. § 8542(b)(9). Therefore, if a plaintiff is injured by conduct constituting one of the sexual offenses enumerated under Section 5551(7), and the negligent acts or omissions of a local agency or its employees resulted in the

---

[25] Whether or not we agree with policy decision to waive immunity only if the victim is a minor is irrelevant. "It is the chief function of the General Assembly to set public policy[,]" and we may not use our judicial review power "as a means to substitute our own public policy judgments for those of the General Assembly." *Crawford v. Commonwealth*, 326 A.3d 850, 857 (Pa. 2024) (citations omitted).

abuse, the local agency and its employees remain immune from liability under the PSTCA **unless** the plaintiff was a minor at the time of the offense.

Order affirmed.

Chief Justice Todd and Justices Donohue and Mundy join the opinion. Justice Dougherty joins the opinion except for Section III & footnote 24.

Justice Wecht files a concurring opinion in which Justice Brobson joins.